## R. J. REYNOLDS EMPLOYEES ASS'N, Inc. v. NATIONAL LABOR RELATIONS BOARD et al.

District Court, M. D. North Carolina.
Nov. 16, 1943.

Ingle, Rucker & Ingle, of Winston-Salem, N. C., for plaintiff.

Charles F. McErlean, of Chicago, Ill., for defendant National Labor Relations Board.

W. P. Sandridge, of Winston-Salem, N. C., for defendant R. J. Reynolds Tobacco Co.

HAYES, District Judge.

On the motion of the defendant, National Labor Relations Board, to quash the summons and to dismiss the bill, the motion is denied and the defendant excepts.

The reasons for the denial of the motion are as follows:

The bill of complaint alleges that the National Labor Relations Board has ordered an election to be held by the employees of R. J. Reynolds Tobacco Company at Winston-Salem, North Carolina, on November 11th and 12th for the purpose of determining a duly elected bargaining agency for the employees of said company; that the plaintiff herein is a labor organization which petitioned said National Labor Relations Board to print its name on the ballot to be used at said election, but the Board, it is alleged, capriciously and arbitrarily and illegally refused to print the plaintiff's name on said ballot; that notices of the election were posted in the buildings of the R. J. Reynolds Tobacco Company and that the defendant, National Labor Relations Board, had designated, authorized and directed Albert Lohm to conduct the election; that this suit was instituted on November 4, 1943, by the filing of the bill and procuring a temporary restraining order restraining the election because of the action of the National Labor Relations Board in refusing to print the name of plaintiff on the ballot. After the process had been served on part of the defendants on November 4th and on Albert Lohm on November 5th, the National Labor Relations Board caused the name of the plaintiff to be printed on the ballot, but no new notices of such ballot were published or posted for the purpose of giving notice to the employees. On the contrary, the notices that had theretofore been published and posted in the buildings of the Reynolds Tobacco Company were taken down when the restraining order was served and no notices of any kind have since been posted for the purpose of affording the employees reasonable notice concerning the election.

From the complaint and the amendment thereto, both of which are sworn to and which the Court must presume to be true until a contrary showing is made, it appears that the plaintiff will be deprived of the privilege of being voted for if the election is held on November 11th and 12th as originally ordered, and that the insertion of the plaintiff's name at this hour, without an accompanying notice posted where the employees will have an opportunity to see it, deprives the plaintiff of a valid election.

It further appears that unless this Court does restrain the officers and agents of the National Labor Relations Board they will proceed to hold the election on November 11th and 12th, which will result in irreparable injury and damage to the plaintiff for which it has no adequate remedy at law and will result in the destruction of a substantial property right which the plaintiff has, and the act which is threatened to be committed is to take place within the Middle District of North Carolina and within the jurisdiction of this Court.

While it is well recognized that a Federal District Court has no jurisdiction of persons who are nonresidents of the district in actions or suits which are purely in personam, there are well-recognized exceptions to this rule when a nonresident is destroying, or threatens to destroy, within the jurisdiction of the court a vested property right, which damage will be irreparably committed unless restrained by order of the court.

This suit is not an action between a labor union and an employer, nor is it one relating to the administrative functions of the National Labor Relations Board exclusively, because it involves a controversy between labor organizations with respect to the rights of said parties to have their respective claims presented to the employees of the Reynolds Tobacco Company to de-

termine, after notice and an opportunity to make a decision as to which, if either, of said labor organizations the employees desire to become their bargaining agent.

The Court is of the opinion that the action of the National Labor Relations Board in placing the name of the plaintiff on the ballot after this suit was filed and the restraining order issued, coupled with the fact that no notice of the election has been published or posted on the premises of the Reynolds Tobacco Company of said change, constitutes a denial of a substantial right which the plaintiff has and for which it has no remedy at law or otherwise unless enjoined by this Court.

No relief is sought in this bill against the National Labor Relations Board other than that this election on November 11th and 12th be not held on account of the fact that the plaintiff was refused its right to have its name printed on the ballot when the election was called and notices published. This Court does not undertake to direct when, where or how the National Labor Relations Board shall conduct an election and confines its ruling solely to the question of whether the defendants herein should be enjoined from holding the election on November 11th and 12th under its previous order of election in which it had denied the plaintiff a place on the ballot until after this restraining order had been served on its representatives.

The Court's attention is called to the fact that the name of the plaintiff was printed on the ballots; that ballots and new notices of election were printed on Saturday (November 6th) and arrived at Winston-Salem on Monday morning, November 8th, to be posted by the defendant, Reynolds Tobacco Company, and that the plaintiff herein and the other defendants had notice thereof, but the Reynolds Tobacco Company declined to post said notices until the Court ruled on the temporary restraining order and, as a result, said notices have not been posted up to this time, towit, 4:30 p. m., November 9th.

However, under the above facts, the Court is of the opinion that this action does not afford the plaintiff a reasonable or fair opportunity to be voted on by November 11th and 12th, the dates originally fixed for the election. This Court, however, is not advised, that is, it has no copy of any order entered by the National Labor Relations Board showing that it has made any orders in respect thereto, or what such orders are, although the Court has no reason to doubt that it has caused the name of the plaintiff to be printed on the ballot and the notices to be published.

This cause coming on to be heard before the Court on an order to show cause why the temporary injunction should not be granted pending the final hearing on the merits, and being heard, and the defendant, National Labor Relations Board, having entered a special appearance and moved to quash the summons for the reasons set forth in the motion to quash, which appears of record, and no other evidence having been adduced before the Court other than the verified complaint and amendment to the complaint, which is also duly verified, the Court makes the following findings of fact and conclusions of law:

## Findings of Fact

1. That R. J. Reynolds Employees Association, Inc., is a labor organization duly organized and existing under and by virtue of the laws of the State of North Carolina, with its principal office and place of business situated in the city of Winston-Salem, North Carolina, which corporation was organized for the purposes, among others, of (a) securing to its members the right to self-organization and the right to bargain collectively through delegates of their own choosing, and (b) to designate and select for the purpose of collective bargaining delegates who shall be the bargaining agents of the employees of the R. J. Reynolds Tobacco Company.

2. That the National Labor Relations Board is a legal entity, created and existing under and by virtue of an act of the Congress of the United States enacted on the 5th day of July, 1935, 29 U.S.C.A. § 151 et seq., and that Harry A. Millis, Gerard D. Reilly and John M. Houston are members of said National Labor Relations Board and are residents of the District of Columbia; that Albert Lohm is the duly authorized agent and representative of the Board and of its members; that he has been authorized and empowered by the Board, through its duly authorized representative, the Board's Regional Director, to supervise the election of the employees of the R. J. Reynolds Tobacco Company, for the purpose of determining their bargaining agent; that all of the above parties are necessary parties to this action.

3. That the defendant, Tobacco Workers Organizing Committee, United Can-

nery, Agricultural, Packing and Allied Workers of America, CIO, is an unincorporated labor organization.

4. That the R. J. Reynolds Tobacco Company is a corporation, duly organized and existing under and by virtue of the laws of New Jersey, with its principal office and place of business situated in the city of Winston-Salem, North Carolina.

5. That on the 13th day of October, 1943, the defendant, National Labor Relations Board, acting within the scope and execution of its authority, entered a decision and direction of election in a proceeding before it wherein the defendants, R. J. Reynolds Tobacco Company and Tobacco Workers Organizing Committee, United Cannery, Packing, Agricultural and Allied Workers of America, CIO, were parties, by the terms of which an election of the employees of the R. J. Reynolds Tobacco Company for the purpose of determining the collective bargaining representative with the company was directed to be held within thirty days from the date of the direction.

In compliance with this direction, the duly authorized representative of the Board designated November 11 and 12, 1943, as the dates on which the election should be held, and the Board directed that the sole issue raised by the election should be confined to a determination of whether or not the employees desired to be represented by the Tobacco Workers of America, CIO, for the purpose of collective bargaining, which precluded plaintiff from participating in the election as a candidate for bargaining agent of said employees.

6. That on the 18th day of October, 1943, the plaintiff, through its counsel, Ingle, Rucker & Ingle, communicated by letter with W. M. Aicher, Regional Director of the defendant, National Labor Relations Board, in charge of the directed election, advising him of the establishment of the plaintiff as a labor organization and requesting that the R. J. Reynolds Employees' Association, Incorporated, be placed on the ballot in the coming election. A copy of the letter is attached to the complaint, marked Exhibit A, to which reference is made.

7. That on the 19th day of October, 1943, W. M. Aicher, Esq., acknowledged the receipt of the letter and advised counsel for plaintiff that he had referred the request to the National Labor Relations Board.

On the 25th day of October, 1943, plaintiff served a duly verified motion to intervene and petition, which is attached to the complaint and marked Exhibit C, to which reference is made, together with four copies, upon the National Labor Relations Board, in the proceeding pending before the Board, designated as Case No. 5–R–1356, and served copies thereof on the CIO and the Regional Director of the Board and the R. J. Reynolds Tobacco Company, in substantial compliance with the statutory provisions of the National Labor Relations Act and the rules of the Board promulgated pursuant thereto.

8. That on the 25th day of October, 1943, the plaintiff received from the National Labor Relations Board a copy of an order denying its request by letter that its name appear upon the ballot in the directed election.

On the 1st day of November, 1943, plaintiff received from the National Labor Relations Board a copy of a final order denying its motion to intervene and refusing to permit its name to appear on the ballot in the coming election.

9. That the action of the National Labor Relations Board, so far as appears before this Court at this time, was arbitrary and capricious and to the detriment of the vested personal and property rights of the plaintiff, and was without authority in law; that the right of the plaintiff to be voted on as the bargaining agent of the employees of the Reynolds Tobacco Company is a substantial right, and the refusal to allow it the enjoyment of such right deprives the plaintiff and its members of vested property and personal rights, in violation of the Fifth Amendment to the Constitution of the United States, and the plaintiff and its members will suffer immediate and irreparable injury, loss and damage unless the defendants herein, their officers and agents, be restrained and enjoined from carrying out the direction of an election on the 11th and 12th days of November, 1943, and without placing the name of the plaintiff on the ballot when the election is held.

10. That the defendant, National Labor Relations Board, through its officers and agents, caused to be posted in the plant of the R. J. Reynolds Tobacco Company and elsewhere 350 notices of the election, which was to be held on the 11th and 12th days of November, 1943, for the selection of a bargaining agent, and said notices contained only the name of CIO as the only

candidate for bargaining agent, thereby depriving the plaintiff and its members of their right to be a candidate and to have published notice of their candidacy as bargaining agent.

11. That after the temporary restraining order which was granted in this cause on November 4, 1943, was served on Albert Lohm on November the 5th, the National Labor Relations Board printed the name of plaintiff on the ballots and caused new notices to be sent to R. J. Reynolds Tobacco Company to be posted, concerning said election, but the R. J. Reynolds Tobacco Company did not post any of said notices because, under its interpretation of the temporary restraining order, it could not do so without being in contempt of court—and this decision is being dictated at 5:30 p. m. on November the 9th. Therefore, the employees can not have reasonable time to have notice of the election or of the persons to be voted for on November 11 and 12, 1943. That plaintiff received notice of this action on the morning of November 8th.

## Conclusions of Law

1. That the holding of the contemplated election on November 11th and 12th, under the circumstances above stated, is in violation of the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

2. That the election, under the circumstances stated, would deprive the plaintiff of a substantial property right, depriving it and its members of the privilege of voting for the plaintiff, and would constitute a denial of due process.

3. That the refusal of the National Labor Relations Board to permit plaintiff's name to be printed on the ballot when it filed its petition therefor appears to be arbitrary and illegal.

4. That this Court, in the exercise of its general equity powers, has jurisdiction of this proceeding and has power to issue a temporary injunction, as prayed.

5. That the plaintiff has no adequate and complete remedy at law.

6. That the agents of the above-named Board undertaking to conduct such an election in the Middle District of North Carolina are amenable to the processes of this Court, and an injunction in accordance with the prayer of the bill of complaint should be issued against Albert Lohm or any other agent or representative of the National Labor Relations Board who does, or undertakes to do, any of the acts concerning the election to be held on November 11 and 12, 1943, within the Middle District of North Carolina.

## Judgment

It appearing to the satisfaction of the Judge of the District Court of the United States for the Middle District of North Carolina that the plaintiff in the above-entitled cause desires to take a voluntary nonsuit, IT IS, THEREFORE, ORDERED that plaintiff's action be dismissed and that the plaintiff pay the costs of the action, to be taxed by the Clerk.