**AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, LOCAL UNION 576, Plaintiff,**

v.

**Robert E. ALLEN, Regional Director, National Labor Relations Board, Region 17, Defendant.**

**Civ. A. No. 17182-3.**

United States District Court
W. D. Missouri, W. D.
April 10, 1969.

**986**

Robert L. Kimbrough, Topeka, Kan., Jerome F. Waterman, Kansas City, Mo., for plaintiff.

Thomas C. Hendrix, Regional Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Allen J. Berk, Washington, D. C., for defendant.

ORDER DISMISSING COMPLAINT FOR DECLARATORY JUDGMENT AND JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

This is a civil action in which plaintiff seeks a declaratory judgment "setting aside" defendant's notice of a representation hearing mailed by defendant to plaintiff, for its not giving plaintiff "minimum effective notice" of the hearing which it announced. Plaintiff also seeks a declaratory judgment "setting aside Decision and Direction of Election November 13, 1968," which was the result of the hearing held on November 8, 1968, pursuant to the challenged notice. At the said hearing, plaintiff was declared by defendant to have disclaimed interest in the forthcoming election by virtue of its absence. At the election in question a rival union was seeking to be elected as the collective bargaining agent of the employees of Boyle's Famous Corned Beef Company.

In this case plaintiff further requests that the Court direct defendant to give "minimum effective notice" on all its notices of hearing and that defendant be required to pay the costs of these proceedings.

Defendant filed its motion to dismiss on January 15, 1969. A plenary hearing upon the motion to dismiss was held in this Court on February 19, 1969. Therein plaintiff offered to prove facts as follows: (1) that on September 19, 1968, plaintiff filed for an election with defendant to determine the collective bargaining agent of the abovesaid employer (this allegation is admitted by defendant); (2) that subsequent to that date "Mr. Carl Nothnagel, the Secretary-Treasurer of the Petitioner * * * informed Mr. Tyrus Frerking, an officer of the defendant, that he, as the proper officer for plaintiff, would not be available for a hearing on the election petition until after November 13, 1968" (admitted by defendant); (3) that on October 21, 1968, a phone conversation took place between Frerking "and plaintiff's attorney, Robert L. Kimbrough, during which Kimbrough notified Frerking that he would not be available until the 14th or thereafter and that November 14 was a date agreeable to Kimbrough for the hearing"; that Frerking "assured him that the 14th was the earliest possible date that would be convenient for all the parties concerned, but if not, Frerking agreed that he would call Kimbrough back and notify him" (admitted by defendant insofar as Kimbrough may have told Frerking the 14th was agreeable to him, otherwise denied); (4) that Tyrus Frerking was a field examiner of defendant who had been designated by the defendant to contact the "parties" to determine whether a hearing date could be agreed on but was not the hearing officer for this case, either on October 21 or thereafter (admitted by defendant); (5) that another telephone conversation took place on November 4, 1968, between Kimbrough and "Tom Hendrix, Regional Attorney, with respect to another case that was set on November 14th, during which

conversations there was no mention made of the date set on November 8th for a hearing on the instant case" (denied by defendant because of lack of information to verify it); (6) that plaintiff's attorney Kimbrough further had a conversation on November 5, 1968, with Mr. William Guerin, defendant's hearing officer in this case, "wherein Mr. Guerin informed Mr. Kimbrough that the file, (17–RC–5848), of the defendant reflected the earlier conversation between Mr. Kimbrough and Mr. Frerking wherein the date of November 14, 1968, was discussed for the hearing" (admitted by defendant); (7) that, in the same conversation Mr. Guerin said "Mr. Kimbrough, I am calling today to see whether you are going to be present at the November 8th hearing"; that Mr. Kimbrough answered, "I don't know anything about a November 8th hearing. I know about a November 14th hearing"; that Mr. Guerin replied, "Well, the files do reflect that you and Mr. Frerking did agree that a November 14th date would be satisfactory but you know the boss here. He sets all these things regardless of what anybody says. And I don't know why he set it on this particular date rather than setting it forward if somebody wasn't available. This was a mixed up mess. I will see what can be done" (denied by defendant); (8) that since Kimbrough "spoke to Mr. Guerin on November 5, 1968, in the morning, that when he received the notice in the afternoon of November 4, 1968, dated October 29, 1968, for hearing on November 8, 1968, he assumed that since he had spoken to Mr. Guerin subsequent to the date of the notice (October 29, 1968), that the matter had been taken care of and that it would be unnecessary for him to take any further steps" (denied by defendant); (9) "that pursuant to NLRB Form #4338 [Notice of Hearing which contains a notice that no postponement will be granted within a time period of 3 days prior to the hearing in the absence of "the most extreme conditions"] that no requests for a postponement would have been granted had

one been filed" (admissibility objected to by defendant); (10) that Mr. Guerin would testify that the files on November 5, 1968, reflected that the hearing was to be held November 14, and that Mr. Guerin told Kimbrough that he would "straighten the matter up" (denied by defendant); (11) that "Mr. Ernie Williams, business agent of the plaintiff * * * received information of a hearing called for November 8, 1968, and called Mr. Kimbrough [on Monday, November 4, 1968] and was informed by Mr. Kimbrough that he, Mr. Kimbrough, had not received any notice, and that the hearing was to be set on the 14th of November, 1968, pursuant to Kimbrough's conversation with Mr. Frerking" (denied by defendant because of lack of knowledge); and (12) that defendant's file reflects that the hearing, from Kimbrough's and Nothnagel's initial conversations with Frerking, was to be held November 14, 1968 (denied by defendant); that as a result of plaintiff's absence from the hearing, defendant found that plaintiff had disclaimed any interest in the forthcoming election; and that hence, the election was held on November 13, 1968, and won by a rival union in the absence of plaintiff's name on the ballot. Plaintiff does not allege that it appealed the decision of the hearing, nor that it otherwise pursued any of its available administrative remedies.

For the purposes of this ruling the alleged facts which plaintiff offered to prove are assumed to be true. Defendant's motion to dismiss asserts lack of jurisdiction of the Court generally and because of the failure to exhaust administrative remedies. In response, plaintiff asserts that the district court has jurisdiction because the defendant has clearly violated federal statutory provisions, and has exceeded its powers, because it failed to give "minimum effective notice" of the hearing to the plaintiff. Plaintiff relies on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 2d 210, Miami Newspaper Printing Pressmen's Local 46 v. McCulloch, 116

U.S.App.D.C. 243, 322 F.2d 993, and other cases considered hereinafter. Plaintiff claims also that an issue of a violation of its constitutional rights "not transparently frivolous" has been raised by its complaint. Fay v. Douds (C.A.2) 172 F.2d 720. In such instances, the plaintiff contends, the above cases hold that administrative remedies need not be exhausted. Therefore, plaintiff concludes, when its counsel has received only 3-day notice of the hearing, and plaintiff, purportedly for that reason, has been absent from the hearing, its constitutional rights of due notice and opportunity to be heard have been violated by the agency acting in excess of its delegated powers and contrary to constitutional principles to excuse plaintiff from having to exhaust administrative remedies before seeking judicial review.

Actions to review the regularity of representation proceedings are not usually cognizable by the district court. Certification as a result of such proceedings is not an "order" subject to judicial review. A.F.L. v. N.L.R.B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347. "Review of certification proceedings must await a final order by the Board in an unfair labor practice proceeding under Sections 10(e), (f) of the National Labor Relations Act, as amended, 29 U.S.C., secs. 160(e), (f) [now LMRA], upon which the record of the certification proceeding becomes part of the record for review pursuant to section 9(d), 29 U.S.C., sec. 159(d)." Herald Company v. Vincent (C.A.2) 392 F.2d 354. It is undisputed here that plaintiff had a right to request a review of the rulings challenged herein under section 102.67 of the National Labor Relations Board's Rules and Regulations. Section 102.67 would have permitted review of the Regional Director's decision and direction of election by the National Labor Relations Board in Washington, D. C. That plaintiff did not do so is also undisputed.

Jurisdiction of the federal district court can be invoked in this case to

restrain or enjoin administrative proceedings, however when the administrative agency has (1) gone beyond its delegated powers in ruling adversely to plaintiff, (2) violated a constitutional right of plaintiff or otherwise made violation of plaintiff's constitutional rights an issue which is "not transparently frivolous", or (3) where the administrative decision adverse to plaintiff ranks particularly high in the scale of national interest affecting international relations. Leedom v. Kyne, *supra*; Fay v. Douds, *supra*. See also Boire v. Miami Herald Publishing Company (C.A.5) 343 F.2d 17; Herald Company v. Vincent, *supra*. Although the plaintiff here asks for a declaratory judgment, the relief specifically prayed for is the same as that which would be asked in proceedings to enjoin administrative action. Plaintiff, however, does not plead or otherwise offer to prove facts which bring it within any of the recognized exceptions. The rule of Leedom v. Kyne, *supra,* is not applicable here. In that case, in disregard of the plain import of section 9(b) (1), the Board certified an "appropriate" bargaining unit without taking the vote of professional employees. The facts in that case are unlike those in the case at bar, where there is no clear violation of statute.[1] Section 161, Title 29, U.S.C., does not provide for "minimum effective notice" in notifying persons of hearings. The form of notice must only be "reasonably calculated to give * * * knowledge of the proceedings and the opportunity to be heard" to satisfy due process. N.L.R.B. v. O'Keefe & Merritt Mfg. Co. (C.A.9) 178 F.2d 445. Whether the notice admittedly given here was reasonable and accorded to the plaintiff opportunity to be heard is resolved in favor of defendant. Plaintiff's agent and business manager received notice well in advance of the hearing. Even though its chosen counsel may have been unable to attend, there was no formal application or motion for continuance, and plaintiff sent no counsel or other representative to the hearing for any purpose. Further, the right to be represented by a particular counsel at the hearing is not necessary to due process in this case, though plaintiff may be so represented if it chooses. But the fact that no one appeared for plaintiff at the hearing, rather than attend without chosen counsel, does not show a violation by defendant of the rule of Leedom v. Kyne, *supra.* Any representative of plaintiff could have appeared, requested a postponement and participated in the hearing if postponement was denied. Plaintiff's reliance on R. J. Reynolds Employees Ass'n, Inc. v. N.L.R.B. (M.D.No.Car.) 61 F. Supp. 280 is not well founded. In that case, the court held that four days' notice for an election was insufficient. But more than four days' notice was given to the Union in this case. Further, the notice in the *Reynolds* case applied to an election rather than a hearing, and involved the giving of notice to employees by posting the plaintiff's name properly and having it timely printed on the election ballots.

Plaintiff also contends that the facts alleged make out an invasion of its constitutional rights.

For the same reasons as stated above, however, a violation of plaintiff's constitutional rights did not occur, since there has been no fact pleaded or contained in an offer of proof which would establish a lack of due process or violation of any other constitutional right of plaintiff. Plaintiff nevertheless relies on Fay v. Douds, *supra,* in support of the contention that the constitutional issue raised need only be "not transparently frivolous" for the district court to have jurisdiction. At the outset of the consid-

---

1. See Boire v. Miami Herald Publishing Company (C.A. 5) 343 F.2d 17, 21:
   "The courts have generally interpreted Kyne as sanctioning the use of injunctive powers only in a very narrow situation in which there is a 'plain' violation of an unambiguous and mandatory provision of the statute [citing cases] * * *."

eration of this contention, it must be noted that the *Douds* case was decided in 1949, and that more recent authority has cast doubt upon the rule therein announced. See Herald Company v. Vincent, *supra,* and cases therein cited. Assuming, however, that the *Douds* rule endures, when no violation of due process is made out by the complaint or offered proof, as in this case, the purported constitutional issue is nonexistent, and thus is "transparently frivolous." Alleged refusal to postpone the hearing, if it existed, would not come under the *Douds* rule. In *Douds,* the Regional Director of the Board proposed to dispense with an investigation, on the outcome of which depended the calling of an election. This imperiled the local union's position—which was that of an established bargaining agent —without an opportunity to be heard. In the case at bar, plaintiff had no existing contract with the employer or any position as a certified or established bargaining agent. This is very significant, and distinguishes this case from the *Fay* case.

Further, defendant in this case has not taken a position adverse to plaintiff's right to the opportunity to be heard. Plaintiff could have moved for a postponement of the hearing of November 8, 1968, or could have attended that meeting without its counsel Kimbrough, could have sent other counsel, or it could have appealed the decision issuing out of that hearing to the National Labor Relations Board in Washington, D. C. Such facts hardly make out a constitutional issue which is "not transparently frivolous." Plaintiff relies on Worthington Pump & Machinery Corp. v. Douds (S.D.N.Y.) 97 F.Supp. 656 and McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547, which are both inapposite

here. In *Worthington,* federal jurisdiction attached when the Board had made a decision on a matter not in issue at the hearing. In *McCulloch,* it was held that the jurisdictional provisions of the National Labor Relations Act (now the LMRA) do not extend to maritime operations of foreign flagships employing alien seamen.[2]

Furthermore, in Fay v. Douds, *supra,* the plaintiff union had a vested property interest in the proceedings by virtue of having had a collective bargaining contract with the employer at the time of the dispute. That is not the case here. The plaintiff has had no contract with the company nor was being recognized as the collective bargaining agent for its employees throughout the time duration here in issue. The most plaintiff could have hoped to gain from these proceedings was to have its name placed on the ballot, there to contend for recognition like any other election contestant.

■ Finally to be observed is that no equity exists for plaintiff in this case in which plaintiff has not stated or offered to prove that it sought or received any confirmation from defendant that the hearing had been in fact postponed in accordance with Guerin's alleged assurance that he would "straighten the matter up"; that circumstances existed to preclude plaintiff from sending a representative other than Kimbrough to the hearing of November 8, 1968; that either Frerking or Guerin were commissioned by defendant to grant continuances; or that either Frerking or Guerin did in fact, explicitly, unequivocally, and conclusively grant, or promise to grant, either a hearing on November 14, 1968, or a continuance from November 8, 1968. A dispute over administrative rulings or failure to rule on requests for continuances has no place in the federal district court. Herald Company v. Vin-

2. At the hearing, plaintiff also relied on the recent Supreme Court case, Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519, which is distinguishable from this case in that pursuit of administrative remedies would there have been futile because of an alleged conspiracy between union and employer and there had been repeated unsuccessful complaints of the grievance to both.

cent, *supra.* Thus the question whether Fay v. Douds, *supra,* is still controlling need not be decided.

In summary this is a controversy over postponement of an administrative hearing, set on adequate notice to plaintiff, in which plaintiff did not exhaust its administrative remedies at any level.

The complaint should be dismissed for each of the following reasons considered independently and jointly: (1) lack of equity, (2) lack of jurisdiction, and (3) the failure of plaintiff to exhaust its adequate administrative remedies.

For the foregoing reasons, it is

Ordered and adjudged that the complaint herein be, and the same is hereby, dismissed in accordance with the order entered herein on March 17, 1969, for failure to exhaust administrative remedies, for lack of equity and for lack of jurisdiction.

