423 F.2d 267
 AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, LOCAL UNION 576, Appellant,
v.
Robert E. ALLEN, Regional Director, Seventeenth Region of the National Labor Relations Board, Appellee.
 No. 19755.
 United States Court of Appeals, Eighth Circuit.
 March 19, 1970.
 
 Jerome F. Waterman, of Houlehan & Waterman, Kansas City, Mo., for appellant; Robert L. Kimbrough, Topeka, Kan., on the brief.
 Michael F. Rosenblum, Atty., N.L.R.B., Washington, D. C., for appellee; Arnold Ordman, Gen. Counsel, N.L.R.B., Dominick L. Manoli, Assoc. Gen. Counsel, N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., and Glen M. Bendixsen, Attorney, N.L.R.B., on the brief.
 Before BLACKMUN, GIBSON and LAY, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 A suit for declaratory judgment was commenced in the district court by the Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union 576 (hereinafter called Amalgamated) against Robert E. Allen, a Regional Director of the National Labor Relations Board. The purpose of the complaint was to set aside a representation election conducted by the National Labor Relations Board pursuant to Section 9 of the National Labor Relations Act, 29 U.S.C. § 159. Jurisdiction of the district court was allegedly premised upon the denial of due process in failing to give the union proper notice of a representation hearing. The district court denied relief and dismissed the action for (1) lack of equity, (2) lack of jurisdiction and (3) failure of the union to exhaust its administrative remedies. 298 F.Supp. 985 (W.D.Mo.1969). We affirm.
 
 
 2
 The facts reveal that plaintiff was notified by registered mail as to the representation hearing to be held by a hearing officer of the Board on November 8, 1968. However, Amalgamated asserts that pursuant to an earlier inquiry by the Board's field examiner its representatives had informed him that November 14, 1968, was the earliest possible date they could attend. On the morning of November 5, 1968, after the notice as to the November 8 hearing had been mailed, but before the notice was received by plaintiff, the hearing officer contacted plaintiff's representative to see whether plaintiff was going to be present. Plaintiff's representative restated to the hearing officer that no one could be present until November 14. According to plaintiff's evidence the hearing officer responded by telling him that "I will see what can be done." (The latter statement was denied by the hearing officer.) On the same afternoon the union representative received the notice of the November 8 hearing. No further contact between the parties was made. The certification proceeding was held on November 8, 1968, as scheduled.
 
 
 3
 Amalgamated was not present at the hearing and its name was not placed on the ballot. The independent union[1] which had originally petitioned for the election won the election by a vote of thirteen to three and was certified. Amalgamated did not move for a rehearing or otherwise pursue administrative review as required under Section 102.67 of the Board's rules and regulations. See United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 36-37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). Plaintiff filed this action directly in the district court on the ground that it was denied constitutional due process by ineffective notice. Plaintiff asserts that the district court has jurisdiction under Fay v. Douds, 172 F.2d 720 (2 Cir. 1949).[2] We need not decide the viability of Fay v. Douds, supra, since the facts clearly show plaintiff's claim of constitutional encroachment to be wholly frivolous.
 
 
 4
 Assuming all of plaintiff's allegations to be true and, arguendo, that plaintiff would not be required to pursue its administrative remedy, there is no showing of any constitutional deficiency of notice. The notice involved was reasonably calculated to apprise the interested party of the pendency of the action and afforded Amalgamated an opportunity to present its position and objections. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956); Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); Sniadach v. Family Fin. Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); cf. Heeney v. Miner, 421 F.2d 434 (8 Cir. February 18, 1970). The evidence demonstrates that notice of the proceedings was given to plaintiff. The most that can be gleaned from plaintiff's argument is that it relied upon the statement of the hearing officer to the effect that he would look into the apparent conflict as to dates and "see what he can do." No further communication was made and plaintiff's representatives made no effort to ascertain whether the registered notice received on November 5, 1968, was to be withdrawn or the hearing continued. At best, the union's argument rises only to the level of some obtuse form of equitable estoppel which equity itself would be bound to deny. There was never a statement made by the Board upon which a reasonable person could in good faith rely. The basis of the district court's holding upon which we affirm is that the facts proven fail to establish federal jurisdiction to otherwise review a certification proceeding. See Boire v. Greyhound Corporation, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); American Federation of Labor v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940).
 
 
 5
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 Independent Meat Cutters Union
 
 
 [2]
 The Second Circuit in Fay v. Douds, supra, held that a district court might review a certification proceeding if a constitional question, not transparently frivolous is raised