**UNITED FEDERATION OF COLLEGE TEACHERS, LOCAL 1460, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Plaintiff,**

v.

**Edward B. MILLER et al., Defendants.**

**No. 72 C 1614.**

United States District Court,
E. D. New York.

Dec. 28, 1972.

Vladeck, Elias, Vladeck & Lewis, New York City, for plaintiff; Judith P. Vladeck, New York City, of counsel.

Joan Zweifel, N.L.R.B., Brooklyn, N. Y., for defendants; Reavis & McGrath, by James P. Durante, New York City, of counsel.

BRUCHHAUSEN, Senior District Judge.

The plaintiff, by order to show cause, dated November 30, 1972, applies for a preliminary injunction, restraining the defendants and others from opening and counting ballots of certain persons, who voted in an election, conducted by the defendants, members of The National Labor Relations Board, on May 10 and 11, 1971. The election was held, pursuant to a petition of the plaintiff, whereby it sought to be certified by the said Board as the representative for the purposes of collective bargaining of all of the full and part time instructional staff of C. W. Post Center of Long Island University.

Members of the said Board, by Notice of Motion, dated December 7, 1972, move for dismissal of the complaint.

### THE PROCEEDINGS LEADING UP TO THE ELECTION HELD ON MAY 10 and 11, 1971.

On June 19, 1970, the plaintiff, hereinafter referred to as "the Union", pursuant to the National Labor Relations Act, filed a petition with the Regional Director of the National Labor Relations Board, seeking to be certified by the Board as the representative of certain employees for the purpose of collective bargaining. Hearings were held during the months of July and August 1970, attended by representatives of the Union and the employer, for the purpose of determining which categories of employees should be included in the bargaining unit. On December 9, 1970, the case was transferred to the said Board for decision. On April 20, 1971, the Board issued a "Decision and Direction of Election", wherein it determined generally that an appropriate unit for the purposes of collective bargaining, within the meaning of Section 9(b) of the National Labor Relations Act, should include full-time

faculty members and part-time faculty members, described as "adjunct faculty".

The said "Direction of Election", in part, provided:

"An election by secret ballot shall be conducted among the employees in the unit found appropriate, as early as possible, but not later than 30 days from the date below. * * * Eligible to vote are those in the unit during the payroll period immediately preceding the date below, (April 20, 1971), including employees who did not work during that period because they were ill, on vacation, or temporarily laid off."

In or about April 1971, the Regional Director of the Board's 29th Division issued an official Notice of Election which, in part, set forth:

## "VOTING UNIT"

"INCLUDED: All professional employees employed at the Employer's C. W. Post Center, Brookville, Long Island, New York, including professors, associate professors, assistant professors, instructors, adjunct professors, adjunct associate professors, adjunct assistant professors, lecturers, professional librarians, guidance counselors, and research associates who appear on the Employer's payroll as of March 31, 1971."

## THE RESULTS OF THE ELECTION

470 Ballots cast
214 for the Union
208 against the Union
47 challenged
1 void

The Union contends that the votes of adjunct professors, included in the 47 challenged votes, should not be counted, particularly in that their names were not on the payroll on March 31, 1971, the payroll period, immediately preceding April 20, 1971.

AS TO THE UNION'S CLAIM THAT THE BOARD CHANGED ITS REQUIREMENT OF VOTING ELIGIBILITY TO INCLUDE ADJUNCT PROFESSORS, NOT LISTED ON THE PAYROLL, ENDING ON MARCH 31, 1971.

In the Board's "Supplemental Decision and Direction", dated July 27, 1972, one member thereof dissenting, it ruled that adjunct professors, not so listed, were entitled to vote, it stated:

" * * * the earlier Decision and Direction of election in this case (dated April 20, 1971, hereinabove referred to) was not concerned with the eligibility of particular adjunct professors, but rather whether adjunct professors generally had a sufficient community of interest with full-time professors to warrant their inclusion in a unit with the latter, or whether they should be excluded from such unit as a class. Thus the question decided involved the appropriate scope of the unit rather than the type of individual placement issue raised by the instant challenges, as the Board left open the question of whether individual adjunct professors have a sufficient continuing interest to render them eligible to vote. Nothing in our direction of election excluded any party from challenging, the ballots of those appearing at the polls who professed no expectancy of future employment or whose teaching load was so slight as to negate the existence of any community of interest between them and full-time professors. Accordingly, we are satisfied that the election conducted therein was neither directed nor conducted under conditions requiring a re-run election. * * *

"The hearing officer, in sustaining the challenges in issue, correctly set forth the Board law as requiring that * * * only those part-time faculty members having a substantial and continuing interest in the wages, hours and working conditions of unit employees be eligible to vote. * * *

implicit in this standard is the proposition that such an interest would be established in the case of any adjunct professors who, though not teaching in the semester in which the election was conducted, nevertheless possessed a reasonable expectation of future employment. * . * * "

In its said Decision, the Board directed that the ballots of the following named voters be opened and counted and that the appropriate certification be issued, i. e., Bethhauser, DeTomasi, DeGioia, Hassen, Kenney, Moss, Klein, Busby, Fox, Kunit, O'Malley, Reimer, Schmid, Seidman; Smith, Tell, Buckner, Deagle, Glaser, Kushel, Lipka, Sullivan, Wing, Noss, Anderson, Bayreuther and Trevor.

29 U.S.C. § 159(b), in part, provides:

"The (National Labor Relations) Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit or subdivision thereof * * *."

In National Labor Relations Board v. Sunrise Lumber & Trim Corp., 241 F.2d 620, Circ. 2, certiorari denied in 355 U.S. 818, 78 S.Ct. 22, 2 L.Ed.2d 34, the Court stated:

"But we recognize the discretion that must be accorded to the Board in determining the appropriateness of a collective bargaining unit, and thus we will uphold such a determination unless it is 'unreasonable and arbitrary.' Packard Motor Car Co. v. N.L.R.B., 1947, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040."

In Shoreline Enterprises of America, Inc. v. N.L.R.B., 5 Cir., 262 F.2d 933, the Court stated:

"An employee need not be employed full time in a unit. In the Broderick Co., 1952, 99 N.L.R.B. 385, the Board held that where an employee worked 20% of his time within the unit, the employee was entitled to vote in the unit."

This Court approves the Supplemental Decision and Direction of the Board, dated July 27, 1972.

## THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION.

29 U.S.C. 160(f), in part, provides:

"Any person aggrieved by a final order of the (National Labor Relations) Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business * * * by filing in such a court a written petition praying that the order of the Board be modified or set aside. * *

In Herald Company v. Vincent, 392 F.2d 354, 355–357, Circ. 2, the Court stated:

"This case is an attempt by an employer to obtain district court review of the conduct of a representation proceeding by the National Labor Relations Board. Plaintiff The Herald Company appeals from the dismissal of its complaint and denial of its motion for a preliminary injunction by the United States District Court for the Northern District of New York, Stephen W. Brennan, J. * * *

"Plaintiff itself recognizes that an action to review a representation proceeding is not usually cognizable by the district court. Certification by the Board is not an 'order' subject to judicial review, AFL v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940). Normally, review of certification proceedings must await a final order by the Board * * * upon which the record of certification proceeding becomes part of the record for review * * * this delayed review procedure is clearly the result intended by Congress. * * * However, the courts have established certain very limited exceptions to this doctrine. Broadly

stated, they are: A district court may intervene when the Board has acted clearly contrary to the statute. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) [also citing other cases]; when there are international ramifications to the Board's error, [citing cases]; and when there is an assertion of a violation of constitutional rights which is 'not transparently frivolous.' Fay v. Douds, 172 F.2d 720 (2d Cir. 1949)."

The Court concludes that the plaintiff's motion for a preliminary injunction should be denied and that defendants' motion to dismiss the complaint should be granted.

Submit findings and decree.