Milton MOSHLAK, President of Local 52, International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators, AFL–CIO, Plaintiff,

v.

AMERICAN BROADCASTING COMPANY, a Division of American Broadcasting Companies, Inc. and Lawrence Racies, President of International Photographers of the Motion Picture Industries, Local 644, I.A.T.S.E., Defendants.

Milton MOSHLAK, President of Local 52, International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators, AFL–CIO, Plaintiff,

v.

AMERICAN BROADCASTING COMPANY, a Division of American Broadcasting Companies, Inc., et al., Defendants.

Nos. 76 Civ. 260, 76 Civ. 2158.

United States District Court,
S. D. New York.

Nov. 29, 1976.

Edward J. Quinlan, New York City, for plaintiff.

Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, New York City, for defendant American Broadcasting Companies, Inc.

Spivak, Rosenman & Spivak, New York City, for Local 644.

Winifred D. Morio, Regional Director, Region 2, N. L. R. B., Washington, D. C.

Sturm & Perl, New York City, for NABET.

LASKER, District Judge.

In January 1976 Milton Moshlak commenced suit (76 Civ. 260) against American Broadcasting Company (ABC). The first and fourth claims of that complaint allege

ABC has violated its collective bargaining agreement with Local 52 of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators, AFL–CIO (of which Moshlak is President) by assigning to employees represented by Local 16 of The National Association of Broadcast Employees & Technicians (NABET), sound and electrical work needed in conjunction with video tape cameras in newsgathering which it is claimed should have been assigned to Local 52 members.

In April 1976, after advising Local 16 of Local 52's claim and receiving a letter from Local 16 which stated that "any actions taken by the Company (ABC) adverse to or inconsistent with our work jurisdiction will result in strike action by our members, or such other economic sanctions and actions as the Union considers appropriate," ABC filed with the National Labor Relations Board (The Board) an unfair labor practice charge against NABET. ABC alleged a violation of Section 8(b)(4)(D) of The National Labor Relations Act in connection with a claimed jurisdictional dispute. The Board assumed jurisdiction and, in accordance with customary procedure, issued a "Notice of Section 10(k) hearing" under the Act to ABC, NABET and Local 52.

On May 3rd, Local 52, without moving to amend, served an amended complaint in 76 Civ. 260 which purported to add the Board and NABET as defendants. The fifth cause of action of the amended complaint alleged that ABC and NABET had conspired to give the Board jurisdiction by fabricating Local 16's strike threat which Local 52 claimed to be sham. The amended complaint sought a preliminary injunction staying the Board and NABET, (though not parties to 76 Civ. 260) and ABC from proceeding to the scheduled § 10(k) hearing pending determination of the issues raised by the first and fourth causes of action in 76 Civ. 260.

On May 10, 1976 ABC moved for a preliminary injunction staying the proceedings in 76 Civ. 260 with respect to the first and fourth causes of action pending final determination by the Board of the pending unfair labor practice charge.

Since the filing of ABC's motions Local 52 has cross-moved for leave to amend the complaint in 76 Civ. 260 by adding the fifth cause of action contained in its unauthorized amended complaint and for a preliminary injunction staying the Board proceedings pending determination of the first, fourth and proposed fifth causes of action in 76 Civ. 260. Simultaneously Local 52 has commenced Action No. 76 Civ. 2158 against ABC, NABET and The Board, the allegations of which are substantially the same as the fifth cause of action of 76 Civ. 260.

ABC and The Board have moved to dismiss 76 Civ. 2158 under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

ABC and The Board argue that in the circumstances this court has no jurisdiction to stay The Board's legitimately invoked proceedings, and that a complaint seeking such a stay fails to state a claim on which relief can be granted. Local 52 contends that the jurisdiction of The Board has been asserted on the basis of a sham (Local 16's strike threat); that in jurisdictional disputes the Board's policy so pronouncedly favors the employer's position (which Local 52 claims favors Local 16) that forcing Local 52 to litigate before the Board will unconstitutionally deprive it of due process in the determination of its rights under its collective bargaining agreement with ABC and its right under § 301 of the Act, 29 U.S.C. § 185, to sue in this court for violation of that agreement.

ABC and the Board counter that Local 52's constitutional claim is based on an unsound bootstrap argument; that in any event the Board has primary jurisdiction to determine the underlying dispute including the questions whether its jurisdiction has been improperly invoked and whether Local 52's constitutional rights have been impaired.

The preceding resume indicates that there are pending: 1) ABC's motion for a

stay of the proceedings in 76 Civ. 260; 2) Local 52's motion for a stay of the proceedings before the Board; 3) Local 52's motion to amend its complaint in 76 Civ. 260, or in the alternative to consolidate 76 Civ. 260 and 76 Civ. 2158; 4) ABC and the Board's motion to dismiss 76 Civ. 2158. Although the factual background and motion posture of the case thus presented is complex, the law governing the issues is settled, and requires no extended discussion.

■ Where, as here, a jurisdictional dispute has been brought before the district court in a breach of contract action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Board has instituted a § 10(k) proceeding to resolve the same dispute, the decision of the Board will take precedence over a contrary determination by the court. *New Orleans Typographical Union No. 17 v. N. L. R. B.*, 368 F.2d 755, 767 (5th Cir. 1966); *Dock Loaders Local 854 v. W. L. Richeson & Sons*, 280 F.Supp. 402 (E.D.La.1968). See *Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). This remains true regardless of which action was initiated first. *New Orleans Typographical Union No. 17 v. N. L. R. B., supra.* See *N. L. R. B. v. Teamsters Local 631*, 403 F.2d 667, 671–73 (9th Cir. 1968). It would therefore be both duplicative and futile not to stay the court proceedings in 76 Civ. 260 pending resolution of the controversy before the Board.

This would be the end of the matter were it not for Local 52's contention that ABC and NABET conspired to remove the suit from this court to the Board by means of a contrived strike threat so that the matter would be resolved in a forum where, it is alleged, the outcome is "pre-ordained" in favor of the employer. (Complaint ¶ 16, 76 Civ. 2158; Proposed Amended Complaint ¶ 38, 76 Civ. 260) By the addition of this claim, which forms the basis of the complaint in 76 Civ. 2158 and of the fifth cause of action in the purported amended complaint in 76 Civ. 260, Local 52 is in effect seeking to obtain district court review of the Board's determination to convene a

§ 10(k) hearing. As stated above, ABC and the Board move to dismiss the complaint in 76 Civ. 2158 and ABC opposes the motion to amend in 76 Civ. 260, arguing that the claim is insufficient to vest jurisdiction in a district court to enjoin the § 10(k) proceedings.

■ It is, of course, elemental that court review of Board actions is generally limited to appeals to the circuit courts from "final orders." § 10(f), 29 U.S.C. § 160(f); See *Laundry Workers Local 221 v. N. L. R. B.*, 197 F.2d 701, 703 (5th Cir. 1952). Even the determination of a jurisdictional dispute upon the completion of a § 10(k) hearing is not such a final order subject to court review. *Shell Chemical Co. v. N. L. R. B.*, 495 F.2d 1116, 1122 (5th Cir. 1974), cert. denied, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 449. In this respect, proceedings under § 10(k) to resolve jurisdictional disputes are similar to the representational certification procedure of § 9. *Shell Chemical Co. v. N. L. R. B., supra.* In order to obtain court review of the matter, the losing party must refuse to abide by the Board's determination, and thereby prompt prosecution of an unfair labor practice charge which will ultimately lead to a judicial forum. See *N. L. R. B. v. Plasterers' Union No. 79*, 404 U.S. 116, 122, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971); *Shell Chemical Co. v. N. L. R. B., supra.* It is thus apparent that absent some exceptional circumstance which could remove this case from application of the normal rule, ABC and the Board are correct that this court lacks jurisdiction to review the mere determination of the Board to commence a § 10(k) hearing. See *International Assn. of Machinists v. Anaconda Co.*, 91 LRRM 2557 (W.D.Ky.1975). Cf. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

■ The exceptions to the prohibition against district court intervention in Board activities are narrow and few and are inapplicable to this case. One exception, for cases involving international ramifications of a Board ruling, is entirely inapposite. *McCulloch v. Sociedad Nacional de Marine-*

*ros,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

Under a second exception, a district court has jurisdiction to set aside a Board order when the Board has acted "in excess of its delegated powers and contrary to a specific prohibition in the Act." *Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958). *Leedom* has been expressly held not to extend the power of a district court to review factual assessments by the Board where these are alleged to be erroneous. *Boire v. Greyhound Corp.,* 376 U.S. 473, 481, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964). Thus, if Local 52 wishes to contend that the Board incorrectly found reasonable cause to believe that an 8(b)(4)(D) violation had been committed by NABET and it was therefore improper to proceed under § 10(k) in the first instance, the Board is the appropriate forum in which to raise the claim. See *Myers v. Bethlehem Shipbuilding Corp., supra,* 303 U.S. at 50–51, 58 S.Ct. 459; *Local Union No. 525 v. Foley,* 380 F.2d 474, 476–77 (9th Cir. 1967).

Local 52's contention that the Board action here deprives it of a specific statutory right to sue under § 301 is equally without merit. Contrary to the facts in *Leedom,* the Board determination here to conduct a § 10(k) hearing was in full harmony with its powers and the provisions of the Act. This is the extent of the inquiry. That in so doing the Board invokes its "superior authority," *Carey v. Westinghouse Corp., supra,* 375 U.S. at 272, 84 S.Ct. 401, and requires Local 52 to resolve claims in the Board proceedings which could otherwise be litigated in court under § 301, is simply a manifestation and fulfillment of the larger statutory scheme. Moreover, the Board's action does not preclude a party from parallel court prosecution of a § 301 claim, however conditional the outcome of such a suit may be. See *New Orleans Typographical Union No. 17 v. N. L. R. B., supra,* 368 F.2d at 766. A stay of Local 52's court action would be imposed in the exercise of our discretion, see *N. L. R. B. v. Teamsters Local 631, supra,* 403 F.2d at 672, in recognition of the practical reality of our inability to enjoin the Board proceeding and of its precedence over any contrary decision which we might render.

Under a third exception, recognized in this circuit, a district court may intervene in Board proceedings where there is an assertion of a violation of constitutional rights which is "not transparently frivolous." *Fay v. Douds,* 172 F.2d 720, 723 (2d Cir. 1949). In a later case the test was restated as whether the constitutional claim is "not insubstantial." *Herald Co. v. Vincent,* 392 F.2d 354, 357 (2d Cir. 1968). Local 52 does complain of a deprivation of constitutional rights (although it nowhere refers to these cases in support of its argument), but its complaint cannot survive the threshold requirements of nonfrivolousness and substantiality.

Local 52's constitutional claim appears to be threefold: 1) that it is being forced to litigate in a non-judicial forum where normal court procedures and rules are not in effect; 2) that Board procedures are arbitrary, *ad hoc* determinations, ungoverned by standards of decisionmaking, and 3) that the Board is biased in favor of employers.

The contention that it is unconstitutional to require a union to resolve a dispute in the first instance in a non-judicial forum is transparently frivolous. *N. L. R. B. v. Jones & Laughlin Steel Co.,* 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). Similarly, the challenge to the constitutionality of the conduct of § 10(k) hearings is, if not frivolous, at least insubstantial within the meaning of *Herald Co. v. Vincent, supra.* That administrative proceedings are not bound by strict rules of court procedures or of evidence is fundamental. So too, the right of the Board to consider matters outside the narrow confines of a collective bargaining agreement in resolving jurisdictional disputes under § 10(k) is well established and, indeed, basic to the concept of the statute. See *N. L. R. B. v. Radio and Television Broadcast Engineers Union, Local 1212,* 364 U.S. 573, 81 S.Ct. 330, 5 L.Ed.2d 302 (1961); *N. L. R. B. v. Teamsters Local 631, supra,* 403 F.2d at 673. Local 52's claim amounts to no more than a premature assertion that

the Board's conduct of this § 10(k) proceeding will be "arbitrary, unreasonable and an abuse of discretion, for which review lies not in the district court, but in the court of appeals after entry of a final order." *United Federation of College Teachers, Local 1460 v. Miller,* 479 F.2d 1074, 1078 (2d Cir. 1973).

Finally, the bald assertion that the Board is biased in favor of employers is also insubstantial. If the exception were construed to apply to such a claim, it could easily swallow the rule, for any party wishing to avoid a Board proceeding would have only to allege in conclusory terms that the Board is biased in the adjudication of particular disputes. Such a construction would be inconsistent with the generally narrow interpretation of the other exceptions, see, e. g., *Boire v. Greyhound Corp., supra,* 376 U.S. at 481, 84 S.Ct. 894, and would defeat the statutory scheme. Particularly in view of the questions which have been expressed as to the continued validity of the *Fay v. Douds* exception, both in this circuit and in others, *Utica Mutual Ins. Co. v. Vincent,* 375 F.2d 129, 134 (2d Cir. 1967) (Friendly, J.), *Boire v. Miami Herald Publishing Co.,* 343 F.2d 17, 21 n. 7 (5th Cir. 1965), it would be inappropriate to interpret it in such a way as to vest jurisdiction in this case on the basis of the unsupported allegations of bias.[1]

Local 52's attempt to convert this labor dispute into an action under 42 U.S.C. § 1985(3) by alleging a conspiracy between ABC and NABET to deprive it of its constitutional rights is entirely without merit. As the Board correctly observes, this statute is limited to situations in which there is alleged "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

For the foregoing reasons, the complaint in 76 Civ. 2158 is dismissed for lack of jurisdiction, and leave to amend in 76 Civ. 260 to add the claims asserted in the later action is denied, since the purported amendment would be a futility. See *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The action in 76 Civ. 260 is stayed pending determination by the Board of ABC's unfair labor practice charge.

It is so ordered.

---

1. Even if such a contention were sufficient to state a claim on which a district court could act, Local 52's complaint, filed well before there has been any Board determination of this dispute, is unripe and hypothetical. For all anyone knows, the Board may decide that Local 52 is entitled to the disputed work assignments which are in issue.