**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, etc.**

**v.**

**COMBUSTION ENGINEERING, INC., etc.**

**Civ. No. 14361.**

United States District Court, D. Connecticut.

Oct. 1, 1971.

Norman Zolot, Hamden, Conn., for plaintiff.

Milton Sorokin, Hartford, Conn., for defendant.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Chief of Sp. Litigation, N. L. R. B., Washington, D. C., Harold M. Kowal, Regional Atty., Region 1, N. L. R. B., Boston, Mass., for intervenor.

### RULING ON MOTION FOR STAY OF PROCEEDINGS

ZAMPANO, District Judge.

The defendant, Combustion Engineering, Inc. (hereinafter "Company"), is in the business of manufacturing fuel and parts for nuclear power plants, and operates plants in Windsor and East Windsor, Connecticut, as well as other facilities. The Company opened the East Windsor plant in 1970 in order to meet expanded production requirements. At that time it had a contract with the plaintiff, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers and Subordinate Lodge No. 558 (hereinafter "Union"), which included a union security clause requiring covered employees to belong to the Union as a condition of employment, as well as an arbitration clause. A dispute arose as to whether

or not the contract applied to the employees at the East Windsor plant, and the parties submitted the question to arbitration.

On February 5, 1971, the arbitrator ruled that the contract did extend to the new employees, and the Company thereupon notified the East Windsor employees that they would be required to join the Union as a condition of continued employment. Shortly thereafter 46 of the 49 employees filed a grievance with the National Labor Relations Board (hereinafter "Board"), charging that the Company committed an unfair labor practice in that it was illegally requiring them to join the Union. On April 19, 1971, the Union filed with this Court a motion to confirm the arbitration award and the Company responded with a motion to dismiss. On May 11, 1971, the Board issued a complaint against the Company, and a week later it moved to intervene in this case. The Board also has filed a motion to stay these proceedings, pending its decision on the unfair labor practice charge.

The Union opposes both motions of the Board and the Company supports them, while persisting in its motion to dismiss.

■ *Motion to intervene.* Plaintiff's objections appear to be that the Board should defer to the decision of the arbitrator. However, it seems clear that the Board has an interest in these proceedings which should permit it to intervene under Rule 24, F.R.Civ.P.

■ *Motion to stay the proceedings.* The Union, the Company, and the Board agree that both this Court and the Board have jurisdiction of the proceedings before them respectively, even though those proceedings involve the same subject matter and could result in inconsistent decisions. Carey v. Westinghouse Electric Corp., 375 U.S. 261, 268, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). Furthermore, all parties agree that if this Court confirms the award and the Board rejects it by finding that the application of the contract to the

East Windsor employees is an unfair labor practice as charged, the decision of the Board would conflict with and take precedence over the decision of this Court, 29 U.S.C. § 160(a). This potential conflict is good reason for staying this proceeding until the Board makes its determination. The Union, however, argues that the Court should nevertheless grant enforcement "until and unless" the Board renders a conflicting decision, on the grounds that it believes the Board will eventually affirm the award and that in the meantime the Union would suffer harm were the award not enforced.

The Union relies on Carey v. Westinghouse Electric Corp., supra, for the proposition that arbitration should not be suspended simply because the arbitrator could make a ruling contrary to Board policy. In *Carey,* the employer resisted submitting a union grievance to arbitration on the ground that the grievance concerned a representation issue within the jurisdiction of the Board. The Court nevertheless held that arbitration should have been ordered.

There are important differences between this case and *Carey.* In the first place, *Carey* dealt with the question of whether an issue should be submitted to arbitration at all. The Court, answering in the affirmative, pointed out that the arbitrator might very well decide the issue in such a way that no conflict would occur, and that the "curative" influence of the arbitral process should not be inhibited. Here, however, the arbitration has taken place and instead of solving the problem it has confronted this Court with it. Secondly, in *Carey* the parties only hypothesized that the Board might exercise jurisdiction and thus create a conflict, since apparently no one had filed a charge of unfair labor practices with it. In the present case the Board has issued a complaint and scheduled hearings. Thirdly, in *Carey* the lower court dismissed the suit in the mistaken belief that it had no jurisdiction, thus depriving the parties altogether of a forum since the Board had not undertaken

to resolve the dispute. This Court, on the other hand, is not asked to dismiss the suit for want of jurisdiction, but simply to stay proceedings until the crucial question is resolved in the litigation before the Board, which decision admittedly would prevail over a contrary decision of this Court.

This case is also distinguishable from Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), where the Supreme Court reversed a decision that an employer's action (which was arguably both an unfair labor practice and a breach of contract) could not be the subject of a civil suit for damages for the breach of contract. The problem here is that it is not a breach of the contract, but rather the enforcement of it as construed by the arbitrator which would constitute the alleged unfair labor practice. The potential jurisdictional conflict is consequently far more acute.

For similar reasons, Carey v. General Electric Co., 315 F.2d 499, 508–511 (2 Cir. 1963), cert. denied, 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964) is also not in point. In fact, the Court of Appeals indicated that it would be proper "for a court to defer its judgment should the Board already be seised of jurisdiction over a complaint by one of the parties to the contract." 315 F.2d at 511 n.12.

■■ The motion for a stay is directed to the discretion of the Court. As Mr. Justice Cardozo said in Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936):

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. (citations omitted).

In the present case it seems apparent that a stay would conserve time and effort for litigants and the Court alike. A decision by the Board in the case before it would dispose of a crucial aspect of the proceeding in this Court, but a prior decision by this Court in the matter would not shorten the litigation before the Board. Although the Union claims it would be harmed by a delay in confirming the award if the Board eventually agreed with the arbitrator, it is obvious that if the Board should agree with the objecting workers, their interests would have been injured by an order of this Court directing the commission of an unfair labor practice. In rather similar situations the Court of Appeals for the Ninth Circuit has held that it is proper for a District Court to stay proceedings. See United Ass'n of Jour. & App. of Plumbing, Etc., Local 525 v. Foley, 380 F.2d 474 (9 Cir. 1967); N. L. R. B. v. Teamsters, Chauffeurs, Warehousemen & Helpers, Loc. U. No. 631, 403 F.2d 667 (9 Cir. 1968).

Accordingly it is

Ordered:

1. The motion of the NLRB to intervene is granted; and

2. The motion of the NLRB to stay these proceedings is granted, pending the timely and orderly disposition of the complaint by it. Settle order on notice.