673 F.2d 1074
 110 L.R.R.M. (BNA) 2205, 93 Lab.Cas. P 13,428
 NORTHERN CALIFORNIA DISTRICT COUNCIL OF HOD CARRIERS,
BUILDING AND CONSTRUCTION LABORERS, AFL-CIO, on behalf of
itself and on behalf of Construction and General Laborers
Union Local 1130, Petitioners-Appellants,
v.
E. J. OPINSKI, individually, dba/E. J. Opinski, Building
Contractor; Tom Kuffel, individually, dba/Tom Kuffel
Construction Company, Tom Kuffel Construction Company, Black
Corporation, a corporation, White Company, a partnership,
and Does I through X, inclusive, Respondents-Appellees.
 No. 80-4511.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 8, 1982.
Decided April 5, 1982.
 
 David A. Rosenfeld, San Francisco, Cal., for petitioners-appellants; Victor J. Van Bourg, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., on brief.
 Mark R. Thierman, San Francisco, Cal., for respondents-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE and KENNEDY, Circuit Judges, and CROCKER,* District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 The Northern California District Council of Hod Carriers (union) commenced an action to compel arbitration over a clause in a collective bargaining agreement between the union and Opinski (employer). The case was properly removed from state court to the Northern District of California. The union filed the action after the employer had already filed an unfair labor practice charge before the National Labor Relations Board to have the clause declared illegal on its face. The district court, stating that "proper jurisdiction at the present time is with the NLRB," dismissed the union's action without prejudice. The NLRB refused to declare the clause illegal on its face during its initial proceedings. The employer appealed that decision within the NLRB, and, some time after the district court's dismissal, the NLRB denied the employer's appeal. The union appeals to this court from the district court's dismissal without prejudice.
 
 
 2
 Because primary jurisdiction lies with the NLRB for unfair labor practice charges and with the district court for breach of collective bargaining agreement claims, the NLRB and the district court share concurrent jurisdiction over cases legitimately involving both types of disputes. E.g., Kaiser Steel Corp. v. Mullins, --- U.S. ----, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America v. Lockridge, 403 U.S. 274, 297-301, 91 S.Ct. 1909, 1923-25, 29 L.Ed.2d 473 (1971); Castaneda v. Dura-Vent Corp., 648 F.2d 612, 616 (9th Cir. 1981). Hence, where a union has filed suit in a district court on a collective bargaining agreement claim which is closely related to an unfair labor practice charge the employer has already presented to the NLRB, the district court must exercise its discretion to determine whether proceedings should be stayed until final disposition of the NLRB proceeding. Orange Belt District Council of Painters No. 48 v. Maloney Specialties, Inc., 639 F.2d 487, 489-90 (9th Cir. 1980). Appropriate deference to the jurisdiction and expertise of the agency often will require a stay of judicial proceedings. Moshlak v. American Broadcasting Co., 423 F.Supp. 774, 776 (S.D.N.Y.1976); International Brotherhood of Boilermakers v. Combustion Engineering, Inc., 337 F.Supp. 1349, 1351-52 (D.Conn.1971).
 
 
 3
 The district court would not have abused its discretion had it stayed the instant action until the NLRB litigation had been resolved. United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local No. 525 v. Foley, 380 F.2d 474, 476 (9th Cir. 1967). The district court exceeded its authority, however, when it dismissed the action without prejudice. Where a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal. See, e.g., Santa Fe Land Improvement Co. v. Chula Vista, 596 F.2d 838, 841-42 (9th Cir. 1979); International Brotherhood of Boilermakers v. Combustion Engineering, Inc., 337 F.Supp. 1349, 1352 (D.Conn.1971); 1A J. Moore Federal Practice P 0.203(1) (2d ed. 1981).
 
 
 4
 We reverse the district court's dismissal and remand for the district court to determine whether to stay the proceedings. In determining whether to stay, the district court should consider two events which have occurred since its dismissal: the apparent exhaustion of administrative remedies before the NLRB by the employer and the granting of certiorari by the Supreme Court in Pacific Northwest Chapter of the Associated Builders & Contractors, Inc. v. NLRB, 654 F.2d 1301 (9th Cir.), cert. granted, --- U.S. ----, 102 S.Ct. 90, 70 L.Ed.2d 83 (1981).
 
 
 5
 REVERSED and REMANDED.
 
 
 
 *
 Honorable M. D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation