708 F.2d 488
 113 L.R.R.M. (BNA) 3104, 97 Lab.Cas. P 10,223
 BROTHERHOOD OF TEAMSTERS AND AUTO TRUCK DRIVERS LOCAL NO. 70
OF ALAMEDA COUNTY, Plaintiff-Appellant/Cross-Appellee,
v.
The CELOTEX CORPORATION, Defendant-Appellee/Cross-Appellant.
 Nos. 82-4424, 82-4459.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1983.
Decided June 16, 1983.
 
 Robert Hulteng, Lindberg Porter, Jr., Littler, Mendleson, Fastiff & Tichy, San Francisco, Cal., for defendant-appellee/cross-appellant.
 David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for plaintiff-appellant/cross-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before WRIGHT and CHOY, Circuit Judges, and REED,* District Judge.
 CHOY, Circuit Judge:
 
 
 1
 Brotherhood of Teamsters and Auto Truck Drivers Local 70 ("Union") appeals from the district court's confirmation of an arbitration award to it, contending that the court improperly limited the award. The Celotex Corporation ("Celotex") cross-appeals, contending that the award interferes with the pending representation proceedings before the National Labor Relations Board ("NLRB"). We affirm the judgment below because we find no evidence that the district court improperly limited the award and because Celotex's failure to previously move to vacate the award precludes our review of the arguments raised by the party on this appeal.
 
 
 2
 * Celotex and the Union negotiated a series of collective bargaining agreements during the period 1962-80, covering the company's now-closed Union City warehouse. The warehouse had served as a storage, receiving and shipping station for products manufactured in the company's Los Angeles manufacturing plant. The work force at the warehouse consisted entirely of one supervisor and one employee.
 
 
 3
 In 1981, Celotex opened a new "totally integrated" plant in Fremont that housed manufacturing and warehousing facilities. The plant employs approximately 40 production and maintenance workers. On July 27, 1981, Celotex notified the Union that it planned to cease all operations at the Union City warehouse on September 1, 1981. The Union then filed a grievance, alleging that Celotex breached the contract by (1) transferring work to a newly established plant in Fremont, (2) failing to offer work at Fremont to bargaining-unit employees at the Union City warehouse, and (3) failing to apply the National Master Freight Agreement, a collective bargaining agreement formerly in effect at the Union City warehouse, at the Fremont Plant. Celotex chose not to send any representative to the hearing on the Union's grievances held on September 1, 1981. Thus, the Labor-Management Committee resolved the Union's claim by stating, "Union wins by default."[1]
 
 
 4
 On September 4, 1981, the Union and Teamsters Local 853 jointly filed a representation petition with Region 32 of the NLRB. The petition sought to have the two labor unions certified as the representative for all the employees at Celotex's Fremont plant. The NLRB has not yet resolved the representation issue.
 
 
 5
 Nearly eight months later, on May 5, 1982, the Union filed a petition in the district court to confirm the Labor-Management Committee's award. The Union contended that the district court must confirm the award, since Celotex had failed to move to vacate the award within the time prescribed by California Code of Civil Procedure Sec. 1288 (100 days), or the United States Arbitration Act, 9 U.S.C. Sec. 12 (3 months).[2] Celotex claimed that the award should not be confirmed because, otherwise, the district court would be adjudicating the representation issue still pending before the NLRB, which has the primary jurisdiction over the matter. In its final order of July 2, 1982, the district court confirmed the Labor-Management Committee's award.
 
 II
 
 6
 We have recently held in Sheet Metal Workers International Association, Local 252 v. Standard Sheet Metal, Inc., 699 F.2d 481, 483 (9th Cir.1983), that a party's failure to petition to vacate an unfavorable award within the applicable statutory period bars the party from asserting affirmative defenses in a subsequent proceeding to confirm the award. Standard Sheet Metal adopts for this circuit the rule followed in some other circuits that an unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award. Chauffeurs, Teamsters, Warehousemen and Helpers, Local 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1025-27 (7th Cir.1980), cert. denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); Service Employees International Union, Local 36 v. Office Center Services, Inc., 670 F.2d 404, 412 (3d Cir.1982). It is undisputed here that Celotex did not file a petition to vacate, and Celotex makes no showing as to why the authorities discussed above should not be applied to this case. Since the contentions Celotex has made here could have been raised in a timely petition to vacate, we decline to consider them.[3]
 
 III
 
 7
 The only other inquiry before us is whether, as the Union contends, the district court improperly modified the award in this case. The Union contends that a court must confirm an arbitration award in its entirety if the party opposing confirmation had failed to previously file a petition to vacate the award within the statutory period. We need not lengthily discuss the merits of the Union's broad contention[4] because we find no indication that the district court improperly modified the award in this case.
 
 
 8
 The district court ruled "[t]hat the award of the Labor-Management Committee, as interpreted ... above, is hereby confirmed as an order of this Court." Thus, the question is whether, as the Union contends, the district court's interpretation of the award had the effect of "substantially modifying" it. The Labor-Management Committee resolved the claim before it with a terse statement that the "Union wins by default." In the absence of any other statement accompanying the award tending to clarify the nature of the award, the district court presumably relied on the wording of the grievances filed by the Union. The grievances state:
 
 
 9
 Since approximately 7/27/81 your company has transferred work to Fremont/Newark plant; has failed to offer work to bargaining unit people from Union City plant; has failed to apply National Master Freight Agreement at Fremont/Newark plant.
 
 
 10
 Union is requesting company cease and desist and comply with the labor agreement and compensate employees for any monies lost. This claim shall continue until resolution of grievance.
 
 
 11
 The district court, therefore, ruled that "[t]o the extent that work has been transferred" from the Union City plant to the Fremont plant, (1) "[s]uch work shall be offered to bargaining unit people from Union City;" (2) "[t]he National Master Freight Agreement shall be applicable to such work so transferred;" and (3) "[b]argaining unit people from Union City shall be compensated for any wage loss occurring by reason of any failure of" Celotex to comply with the requirements of (1) and (2). We do not see then how the district court's interpretation of the arbitration award had the effect of substantially modifying the award. Instead, and quite clearly, the interpretation had the effect of merely giving substance to the somewhat ambiguous default award that the Labor-Management Committee had made. Since the interpretation was closely based on the grievances filed, we cannot say that the district court committed error. In any event, the Union has not made any specific argument tending to show how the district court's interpretation substantially modified the award.
 
 
 12
 The judgment of the district court confirming the Labor-Management Committee's award is AFFIRMED.
 
 
 
 *
 The Honorable Edward C. Reed, Jr., District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 Celotex does not dispute the fact that the Labor-Management Committee is composed of the representatives from the Union and the employer in equal number, and that the Committee's decision on grievances is enforceable. General Drivers Warehousemen & Helpers, Local 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963)
 
 
 [2]
 Pending this appeal, this court has ruled that a petition to vacate an arbitration award under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, must be filed within the applicable limitation period prescribed by the forum state. San Diego County District Council of Carpenters v. Cory, 685 F.2d 1137, 1140 (9th Cir.1982)
 
 
 [3]
 We find no merit to Celotex's argument on appeal that the district court had no jurisdiction to confirm the award because the award, in essence, resolved the representation issue pending before the NLRB, which has primary jurisdiction over the matter. Although primary jurisdiction lies with the NLRB for representation matters, Local 3-193, International Woodworkers v. Ketchikan Pulp Co., 611 F.2d 1295, 1299 (9th Cir.1980), primary jurisdiction lies with the district court for breach of collective bargaining agreement claims, Northern California District Council of Hod Carriers v. Opinski, 673 F.2d 1074, 1075 (9th Cir.1982). Thus, the NLRB and the district court share concurrent jurisdiction over cases legitimately involving both types of disputes. Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 102 S.Ct. 851, 859, 70 L.Ed.2d 833 (1982); Opinski, 673 F.2d at 1075. Accordingly, the district court should not relinquish jurisdiction in confirmation cases merely because confirmation may conflict with certain proceedings pending before the NLRB, which has primary jurisdiction over the matter before it, e.g., representation. The district court in such a situation may stay the confirmation in order to give preliminary deference to the independent adjudicating body, Opinski, 673 F.2d at 1076 (district court has discretion to stay union's action to compel arbitration over a clause in a collective bargaining agreement pending resolution of employer's unfair labor practice charge challenging the legality of the same clause in the collective bargaining agreement), but the court's unwillingness to stay the proceeding may not be deemed an abuse of discretion where, as here, the party opposing confirmation had failed to move to vacate. Sheet Metal Workers Int'l Ass'n, Local 252 v. Standard Sheet Metal, Inc., 699 F.2d 481, 483 (9th Cir.1983)
 
 
 [4]
 Without any discussion, the Union makes a broad assertion that, as a matter of "jurisdiction," a court faced with a petition to confirm has no choice but to confirm the award entirely if the party opposing the confirmation had failed to previously move to vacate the award within the applicable statutory period. Although there is no need to address the merits of the contention under the facts of this case, we note that none of the cases the Union cites supports the contention, see, e.g., Service Employees Int'l Union, Local 36 v. Office Center Serv., Inc., 670 F.2d 404 (3d Cir.1982) (a party who failed to move to vacate an unfavorable award may not raise affirmative defenses in a subsequent confirmation proceeding if those defenses could have been raised in a timely petition to vacate); Chauffeurs, Teamsters, Warehousemen and Helpers, Local 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1025-27 (7th Cir.1980) (same), cert. denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981)