**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 926, Plaintiff,**

v.

**SUPERIOR RIGGING AND ERECTING CO. and H & T Crane and Erecting Company, Defendants.**

Civ. A. No. C84–570A.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 18, 1984.

Frank B. Shuster, Decatur, Ga., for plaintiff.

Zan Blue, Terry M. Brooks, Nashville, Tenn., Edward Katze and William A. Blue, Jr., Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This is an action brought by plaintiff International Union of Operating Engineers, Local 926 ("Union") pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), to enforce the terms of a collective bargaining agreement alleged to exist between itself and defendants Superior Rigging and Erecting Co. ("Superior") and H & T Crane and Erecting Co. ("H & T"). A collective bargaining agreement has been signed by the Union and Superior. The Union has invoked the jurisdiction of this court to enforce that collective agreement against Superior and against H & T, a nonsignatory to the agreement, on the theory that the defendant corporations "constitute a single integrated business enterprise, single employer, and/or alter ego, each defendant being merely another face of the other." Complaint at ¶ 5.

Shortly after the Union commenced this action, defendant Superior filed a unit clarification petition with the National Labor Relations Board ("NLRB") pursuant to § 9(c) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159. In light of the petition pending before the NLRB, defendants have moved this court to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), or in the alternative, to stay all further proceedings pending the resolution of the unit clarification petition before the NLRB. For the reasons set forth below, defendants' motions will be denied.

### BACKGROUND

In this case, plaintiff Union alleges a breach of contract by defendants Superior and H & T. In order to prevail as against defendant H & T, plaintiff must show that H & T is a party to the collective agreement which is the subject of this action. It asserts two grounds upon which this court might find H & T liable on the collective agreement despite its non-signatory status. The Union's first theory is that the defendants constitute a "single employer" such that the two sub-entities comprising the single employer should be held bound by a contract signed only by one. A second theory put forth by the Union is that H & T is but the alter ego of Superior, being operated to circumvent and evade the obligations of Superior under the contract between Superior and the Union.

■ The single employer doctrine is a creation of the NLRB which allows it to treat two or more related enterprises as one employer. A determination to treat two or more enterprises as bound by a contract signed only by one under the single employer theory involves two separate factual inquiries. First, the relevant facts as to the operation of the sub-entities (i.e., interrelation of operations, common management, centralized control of labor relations, common ownership) must point to the absence of an arm's length relationship between the companies. Second, having found that two employers constitute a single employer for purposes of the NLRA, the employees of both entities must be found to constitute an appropriate bargaining unit. The focus of each inquiry is different. In the single employer determination, the focus is on the interrelatedness of the employers, while in assessing an appropriate bargaining unit, the focus is on the similarity of concerns between the employees of the employers. See generally, *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 504–507 (5th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

■ The alter ego doctrine involves a factual inquiry similar to the first part of the single employer determination; in particular, whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership. However, the focus of the alter ego doctrine, unlike that of the single employer theory, is on the existence of an attempt to avoid the obligations of a collective agreement through a sham transaction. Additionally, while the single employer doctrine inquiry

requires a finding that the employees of the two firms held to be a single employer constitute an appropriate bargaining unit, a finding that a non-signatory employer is the alter ego of a signatory employer does not require an evaluation of the appropriateness of the bargaining unit under the community of interests test but instead requires a far more limited inquiry to determine only whether the unit is repugnant to any policy embodied in the NLRA. See generally, *Carpenters Local*, 690 F.2d at 507–509.

## DISCUSSION

 In their motions to dismiss or to stay this action, defendants present this court with a question of the appropriate relationship between a district court and the NLRB in the context of a § 301 action. Pursuant to § 301(a) of the Labor Management Relations Act, federal courts have jurisdiction to examine alleged violations of collective bargaining agreements:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301 is more than a jurisdictional statute. It is the basis for the development of federal common law of collective bargaining contract interpretation and enforcement. *See, e.g., Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Section 301 "express a federal policy that federal courts should enforce these agreements ... and that industrial peace can be best obtained only in that way." 353 U.S. at 455, 77 S.Ct. at 917.

In *Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964), the Supreme Court noted that § 301 provides the parties to a labor contract with an independent forum in which to seek enforcement as an alternative to government enforcement by the NLRB. The Court concluded that representational issues can be adjudicated by a federal court pursuant to § 301(a), even though an alternative remedy before the NLRB (i.e., a unit clarification petition) is available. 375 U.S. at 268, 84 S.Ct. at 407.

In *Carpenters Local, supra,* the Fifth Circuit was faced with a case similar to the case now before this court. There, a union brought a § 301 action to, among other things, enforce a collective agreement against a non-signatory employer under both the single employer doctrine and the alter ego doctrine. The district court held that the NLRB had exclusive jurisdiction to decide the issue of the appropriateness of the bargaining unit under the single employer doctrine. Recognizing the important role Congress intended § 301 to play in furthering national labor policy of promoting industrial peace, the Fifth Circuit reversed the lower court. Because § 301 vests the courts with the responsibility to create a federal common law of contract, fashioned from the policy of our national labor laws, applicable to collective bargaining agreements, the Court of Appeals framed the issue as it must be understood *in the context of a § 301 action:*

> We are faced here with one of the most fundamental questions that can arise in a contract suit, namely: who is bound by this contract? To say that the courts and not the Board are solely entitled to pass upon contractual disputes and at the same time to deny the courts the power to determine in a fashion consistent with the policy of our national labor laws the identity of persons or entities obligated by the contract is self-contradictory. If anything, the power to enforce a contract must necessarily include the ability to decide who is bound by the contract. No question is more basic to the existence of contractual rights. Thus to the extent that the identity of the obligees is bound up in representational issues, the federal courts must be empowered to decide those issues for the purposes of deter-

mining contractual rights and obligations. 690 F.2d at 518. The Fifth Circuit then held that under its congressional grant of jurisdiction to determine the existence of a breach of contract, a federal court may pass upon collateral issues of labor law, such as a determination of the appropriateness of a bargaining unit, notwithstanding the fact that a unit determination by the Board might be available if one of the parties filed an unfair labor practice charge or sought unit clarification. 690 F.2d at 519.

Defendants rely heavily upon *South Prairie Construction Co. v. Local No. 627*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976) (per curiam) and *Computer Sciences Corp. v. N.L.R.B.*, 677 F.2d 804 (11th Cir.1982), to support their claim that this court does not have jurisdiction to pass upon the question of the appropriateness of the bargaining unit. While both cases do have language to the effect that the selection of an appropriate bargaining unit lies within the discretion of the NLRB, it is important to recognize that neither case arose in the context of an action to enforce a collective agreement. In neither case was the court faced with the question of which body—the district court or the administrative agency—should be making a determination essential to a matter which both tribunals are given jurisdiction to decide in the first instance. Instead, those cases stand for the proposition that a court which is given the power to review decisions rendered by an administrative agency should not take upon itself the initial determination of any issue which is within the authority of the agency to decide. Such practice is obviously a vital part of the orderly function of the process of judicial review.

■ Thus, the Court in *South Prairie* and the Eleventh Circuit in *Computer Sciences Corp.* simply recognized that the statutory authority of the circuit courts to review NLRB decisions is limited to just that—appellate review—and that initial factual determinations in such actions must be made in the first instance by the appropriate administrative agency. In a § 301 action to enforce a labor contract, this court does not review any decision of an administrative agency. Instead, this court's statutory duty is to enforce the contract between the parties. As the court in *Carpenters Local* recognized, the decision in *South Prairie* does not apply in the context of a § 301 action where the NLRB has made no determination as to the appropriateness of the bargaining unit. 690 F.2d at 513–517. Therefore, § 301 confers upon this court the power and the duty to resolve any issues, including those over which the NLRB has concurrent jurisdiction, which are essential to the adjudication of a breach of contract claim.

■ Defendants also rely on several Ninth Circuit decisions which seem to have extended *South Prairie* to § 301 actions. In *Local No. 3–193 International Woodworkers of America v. Ketchikan Pulp Co.*, 611 F.2d 1295 (9th Cir.1980) and *Brotherhood of Teamsters, Local No. 70 v. California Consolidators, Inc.*, 693 F.2d 81 (9th Cir.1982) (per curiam), the Ninth Circuit reached the conclusion that "[w]hile § 301 grants the district court jurisdiction to decide whether employers constitute a single employer, we conclude that it does not extend to the determination of the second part of the issue, the appropriateness of the bargaining unit." 693 F.2d at 83 (footnote omitted). For the reasons set forth by the Fifth Circuit in *Carpenters Local*, this court declines to follow the views of the Ninth Circuit. See *Carpenters Local*, 690 F.2d at 519–21. Moreover, the Ninth Circuit recently modified its *Ketchikan Pulp* holding, concluding that the NLRB and the district courts have "concurrent jurisdiction" over cases legitimately involving both breach of collective bargaining agreement claims and representational status disputes. *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 v. Celotex Corp.*, 708 F.2d 488, 490 n. 3 (9th Cir.1983). Since the instant case presents this court with a legitimate breach of contract claim and not simply a repre-

sentational status determination disguised in contractual garb, this court has jurisdiction to decide the issues before it.

For the foregoing reasons, defendants' motions to dismiss or to stay this action are DENIED.