**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 926, Plaintiff,**

v.

**SIMS CRANE SERVICE, INC., Defendant.**

**Civ. A. No. C85–4317A.**

United States District Court, N.D. Georgia, Atlanta Division.

March 27, 1986.

Frank B. Shuster, Blackburn, Shuster, King & King, Atlanta, Ga., for plaintiff.

T. Douglas Wilson, Jr., Kocher, Wilson, Korschun & Cobb, Atlanta, Ga., Michael Richard Miller, Kunkel & Miller, St. Petersburg, Fla., for defendant.

ORDER

FORRESTER, District Judge.

This action is before the court on defendant's motion to dismiss or for a more defi-

nite statement. This action is brought pursuant to 29 U.S.C. § 185, and in it plaintiff seeks damages for breach of the contract between the International Union of Operating Engineers and the defendant. The complaint alleges as a factual matter that the International Union of Operating Engineers negotiated and entered into the national agreement at issue on behalf of the plaintiff and other local unions. The basis of defendant's motion to dismiss is that the plaintiff is not the real party in interest, and that since plaintiff, as an organization, was not a signatory to the agreement, plaintiff cannot seek enforcement of the arbitration provisions of the agreement.

The defendant's first argument in support of the motion to dismiss is that the plaintiff is not the real party in interest to this lawsuit. The court notes first that pursuant to Rule 17 of the *Federal Rules of Civil Procedure*, dismissal is not the appropriate remedy if an action is not brought in the name of the real party in interest. Rather, the appropriate remedy is to allow time for the real party in interest to be joined. Rule 17(a), *Federal Rules of Civil Procedure*. At this stage of this motion to dismiss, accepting as true the allegations of the complaint, the court must reject defendant's contention that the plaintiff is not the real party in interest. The complaint specifically alleges as a factual matter that the national agreement was "entered on behalf" of the plaintiff. Complaint, ¶ 13.

Moreover, it is clear from reading the contract in question that the plaintiff is a third party beneficiary of this contract. The court notes initially that in suits brought pursuant to 29 U.S.C. § 185 it is federal interpretation of federal law which governs, and not the law of any state. *Textile Workers Union of America vs. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Republic Steel Corporation vs. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). In construing contracts, the court applies accepted principles of traditional contract law, in light of the basic policy of national labor legislation which favors arbitration

for dispute resolutions. *Irvin H. Whitehouse & Sons Company vs. NLRB*, 659 F.2d 830 (7th Cir.1981). Under general principles of contract law, as codified in the *Restatement 2d of Contracts*, the plaintiff local union is an intended beneficiary of the contract between the international union and the defendant. An intended beneficiary is one in whom "recognition of a right to performance ... is appropriate to effectuate the intention of the parties ..." and "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promise to performance." *Restatement 2d of Contracts* § 302.

In the present case, this means that the court must determine whether the local union is the one whom the international union intended to benefit from the employer's promise, and whether recognizing a right to performance in the local union would effectuate the evident intention of the parties. At this early stage, in which the court must rely on the pleadings, it appears that the plaintiff local union was the intended beneficiary of at least articles 6 and 7 of the contract between the international union and the employer. Both of those articles call upon the employer to notify the local union with regard to certain actions taken by the employer, and obligate the employer to follow the local union's procedures when operating within areas under the local union's jurisdiction. Therefore, recognizing a right to performance of the promises made by the employer in those provisions as adhering in the local union would appear to effectuate the intention of the parties.

The circumstances of this case clearly indicate that the international union intended for the local union to benefit from performance of those promises, and thus the court concludes that under traditional principles of contract law, the local union is an intended beneficiary of those parts of this contract. That being the case, then, the local union would also be permitted to take advantage of article 15 of the contract, which provides that "*all* grievances within the scope of this Agreement ... that may

arise on any job covered by this Agreement, shall be handled through the grievance and arbitration procedures of the local union agreement involved." As noted in the *Restatement 2d of Contracts,* "a promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty." *Restatement 2d of Contracts* § 304. At this stage of a motion to dismiss, then, the court has construed this contract as creating in the local union the right to enforce those provisions as to which the local union is an intended beneficiary.

Defendant's second argument in support of its motion to dismiss is that there is no "mutuality of remedy," in that the contract provides that the international union is not liable for violations of the agreement by local unions. The *Restatement 2d of Contracts* provides with respect to mutuality of remedy as follows:

> It has sometimes been said that there is a requirement of "mutuality of remedy." *However, the law does not require that the parties have similar remedies in case of breach, and the fact that specific performance or an injunction is not available to one party is not a sufficient reason for refusing it to the other party.* The rationale of the supposed requirement of "mutuality of remedy" is to make sure that the party in breach will not be compelled to perform without being assured that he will receive any remaining part of the agreed exchange from the injured party. It is therefore enough that adequate security can be furnished.

*Restatement 2d of Contracts* § 363, Comment. In other words, merely because one party to a contract agrees not to enforce certain rights against the other party does not mean that there is no mutuality of remedy. To the extent that the defendant could sue the local union for a breach of the contract rather than the international union, defendant would have a remedy. In part, resolution of this argument turns upon the truth of the statement in the complaint that this contract was entered into on behalf of the local unions. If, acting as the agent of the local unions, the international union entered into this agreement and bound the local unions thereby, then the defendant is not left without a remedy for a violation of the contract by the local union. Resolution of this issue turns upon whether the international union had the power to bind the local union. If it did, then defendant's argument regarding what the law now calls "adequate security" as opposed to "mutuality of remedy" would fail. An agent may bind his principal on a contract when authority to do so may be inferred from the situation, or is expressed. *Restatement 2d Agency* § 50. To the extent, then, that the facts may show that the international union stood in an agent-like posture with respect to the local unions for purposes of entering into this agreement, then the local union would also be bound by the agreement, and there would be no problem with a lack of security in the employer in terms of the enforceability of the agreement against the local union. This is not something, however, that can be resolved at the stage of a motion to dismiss. At this juncture, the court must accept as true the statement that this contract was entered into on behalf of the local union, and if that is the case, then defendant's argument regarding security is without merit, and the motion to dismiss on this ground is DENIED.

The final argument defendant makes in support of the motion to dismiss is that the National Labor Relations Board has exclusive jurisdiction over this conflict. The plaintiff, responding to this argument, has cited a well-reasoned opinion from Judge Ward of this court. In *International Union of Operating Engineers Local 926 vs. Superior Rigging and Erecting Company,* 602 F.Supp. 913 (N.D.Ga.1984) (Ward, J.), Judge Ward held that the issue of who is a party to a collective bargaining agreement may be presented either to the National Labor Relations Board or to the district court. *See also Carey vs. Westinghouse Electric Corp.,* 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). Moreover, the

court notes that defendant's motion is predicated on defendant's contention that the plaintiff has no representational rights. On this motion to dismiss, the court must accept as true the contention in the complaint that the contract was entered into on behalf of the plaintiff, and thus the only issue before this court is the arbitrability of the dispute. In an action to compel arbitration, the only issues to be decided by the court are whether the parties have agreed to arbitration, and the scope of the arbitration clause. *Jacksonville Newspaper Printing Pressmen and Assistants Union No. 57 vs. Florida Publishing Company*, 468 F.2d 824 (5th Cir.1972), *cert. denied*, 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196. Because on a motion to dismiss the court must accept the facts alleged in the complaint as true, then the effect of the international union entering into this contract on behalf of the plaintiff is to make both the plaintiff and the international bound by the contract. That being the case, and since defendant does not dispute that it was a party to the contract, the motion to dismiss must be denied.

The court would note that much of defendant's concern appears to be an effort to avoid arbitration. The arguments which go to the propriety of this action being brought by the local union, even if they are correct, would result only in making the international union a party to this lawsuit. The issues would then be exactly the same. Given the language of Article XV of the national agreement, it is beyond peradventure that the defendant has agreed to submit to the grievance and arbitration procedures implemented by the local union agreement in question in the event of a dispute over compliance with the terms of the contract. That being the case, were the plaintiff to join the international union as a plaintiff in this action, or substitute the international union, any question as to the propriety of this court's compelling arbitration would be gone, and a speedy arbitration could be had. In the present posture of the case, however, although defendant's motion to dismiss must be denied, defendant is entitled to discovery to determine whether in fact the plaintiff is the real party in interest. It appears that the most economical solution, then, in terms of judicial time and the parties' time, may be for the international union to join this action as a plaintiff, and so remove the need for discovery on this issue.

In summary, defendant's motion to dismiss is DENIED. Defendant's motion for more definite statement is GRANTED IN PART, and the plaintiff is DIRECTED to submit for the record a copy of the local union agreement arbitration provisions with which plaintiff seeks to compel compliance.