# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1284

_____

| | | |
|---|---|---|
| Sheet Metal Workers International Association, Local Union No. 36, | * | |
| | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Murphy Construction Co., doing business as Grossman Sheet Metal, | * | |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 1999
Filed: September 22, 1999

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

Murphy Construction Co. (Murphy) maintains collective bargaining agreements with both Sheet Metal Workers International Association, Local Union No. 36 (Local 36) and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union No. 562 (Local 562). After Murphy assigned two jobs to Local 562, Local 36 filed a grievance, claiming it was entitled to the work. The arbitrator agreed and awarded Local 36 damages. Local 562 threatened to strike if the work was reassigned to Local 36, and, faced with the unions' conflicting demands,

Murphy requested that the National Labor Relations Board (NLRB) resolve the dispute. See National Labor Relations Act (NLRA) § 8(b)(4)(D), 29 U.S.C. § 158(b)(4)(D) (1994) (unfair labor practice for union to strike in support of its claim to disputed work); NLRA § 10(k), 29 U.S.C. § 160(k) (authorizing NLRB to hear and decide work disputes involving threatened strikes). The NLRB held a § 10(k) hearing in which both unions and Murphy participated, but has not yet decided which union is entitled to the work. Meanwhile, Local 36 brought this lawsuit in district court to enforce the arbitration award. The district court denied Murphy's motion to stay proceedings pending the NLRB's decision and granted summary judgment for Local 36.

On appeal, Murphy contends the district court abused its discretion by denying Murphy's motion to stay proceedings. We agree. "It is well-established law that courts are not to enforce an arbitration award that conflicts with a § 10(k) determination." J.F. White Contracting Co. v. Local 103 Int'l Bhd. of Elec. Workers, 890 F.2d 528, 529 (1st Cir. 1989); accord Carey v. Westinghouse Elec. Corp., 375 U.S. 261, 272 (1964) ("Should the [NLRB] disagree with the [arbitrator], . . . the [NLRB's] ruling would, of course, take precedence . . . ."); Local 7-210, Oil, Chem. & Atomic Workers, Int'l Union v. Union Tank Car Co., 475 F.2d 194, 199 (7th Cir. 1973) ("[O]nce the [NLRB] has acted, either before or after the arbitrator's award, the [NLRB's] order overrides the arbitrator's decision."). Here, the NLRB's pending decision will address the same issue presented to the arbitrator, and, if the NLRB decides Local 562 is entitled to the disputed work, the arbitrator's conflicting conclusion must bow to the NLRB's determination. Given that the district court will be unable to enforce the arbitration award to Local 36 in the face of a contrary NLRB decision, we conclude in this instance that "[a]ppropriate deference to the jurisdiction and expertise of the [NLRB] . . . require[d] a stay of judicial proceedings." Northern Calif. Dist. Council of HOD Carriers, Bldg. & Constr. Laborers v. Opinski, 673 F.2d 1074, 1075 (9th Cir. 1982); accord International Org. of Masters, Mates & Pilots v. Trinidad Corp., 803 F.2d 69, 74 (2d Cir. 1986) ("[S]ince the NLRB has . . . scheduled

a hearing on the very issue involved here, . . . it would be inopportune to preempt the NLRB's jurisdiction and risk conflicting determinations by this court and the NLRB. . . . Accordingly, the most efficient procedure at this time is to stay the matter pending resolution . . . by the NLRB."); cf. Sheet Metal Workers Local Union No. 20 v. Baylor Heating & Air Conditioning, Inc., 877 F.2d 547, 550-51 (7th Cir. 1989) (district court did not abuse its discretion in denying stay pending NLRB decision because "the underlying controversy [was] primarily contractual [and] the [NLRB] should defer to the courts"); International Bhd. of Elec. Workers, Local 532 v. Brink Constr. Co., 825 F.2d 207, 213 (9th Cir. 1987) (stay not compelled because "district court's order addressed no issues within the NLRB's primary jurisdiction").

Thus, we vacate the district court's entry of summary judgment for Local 36 and remand to the district court with directions to grant Murphy's motion for a stay pending the NLRB's decision. Because our conclusion disposes of Murphy's appeal, we do not consider Murphy's remaining contentions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-