STANDARD DRYWALL, INC., et al.

v.

OPERATIVE PLASTERERS' AND CE-
MENT MASONS' INTERNATIONAL
ASSOCIATION, LOCAL 200, AFL-
CIO, et al.

Case No. ED CV 09–115–SGL(OPx).

United States District Court,
C.D. California,
Eastern Division.

May 26, 2009.

See, also, 2009 WL 2045943.

Mark T. Bennett, Stephen J. Schultz, Marks Golia and Finch LLP, San Diego, CA, Daniel M. Shanley, DeCarlo Connor and Shanley, Los Angeles, CA, for Plaintiff.

Paul L. More, Davis Cowell and Bowe LLP, San Francisco, CA, for Defendant.

## PROCEEDINGS: ORDER DENYING MOTION TO STAY (IN CHAMBERS) (DOCKET # 25)

STEPHEN G. LARSON, District Judge.

### INTRODUCTION

On January 15, 2009, Plaintiffs Standard Drywall, Inc. ("SDI"), the Southwest Regional Council of Carpenters ("the Regional Council"), and the United Brotherhood of Carpenters and Joiners of America ("the UBC") (collectively, "Plaintiffs") filed this action against the Operative Plasterers' and Cement Masons' International Association, Local 200, AFL–CIO ("Local 200") and Operative Plasterers' and Cement Masons' International Association of the United States and Canada, AFL–CIO ("OPCMIA"). A First Amended Complaint ("FAC") was subsequently filed on January 29, 2009. The FAC seeks to vacate the January 22, 2009, award ("the arbitration award") of arbitrator Paul Greenberg, rendered under the AFL–CIO Plan for the Settlement of Jurisdictional Disputes in the Construction Industry ("the Plan"). FAC ¶ 1.

On March 5, 2009, Defendants filed a counterclaim seeking confirmation and enforcement of the arbitration award. On April 2, 2009, Defendants filed the instant motion seeking a stay of the instant proceedings pending the resolution of unfair labor practice proceedings before the National Labor Relations Board ("NLRB") and subsequent review by any federal appellate courts. On April 21, 2009, Plaintiffs filed a motion for summary judgment, which is currently set for hearing on June 8, 2009.

The Court finds this matter appropriate for disposition without oral argument, L.R. 7–15, and **DENIES** the motion.

### BACKGROUND

The parties are involved in a jurisdictional dispute over certain plastering work SDI is performing and scheduled to perform on two public works projects for the Los Angeles Unified School District ("the projects"). FAC ¶ 12. The work has been and currently is being performed by SDI's Regional Council-represented employees on both projects. FAC ¶¶ 14, 20.

#### A. Plaintiffs' Allegations

In 2006, Local 200, SDI, and the Regional Council were involved in a NLRB Section 10(k) (29 U.S.C. § 160(k)) proceeding, adjudicating a jurisdictional dispute between the Regional Council and Local 200 regarding plastering work performed on certain public works projects in Southern California. FAC ¶¶ 16–17. The NLRB ruled that the Regional Council-represented employees were entitled to perform the work. FAC ¶ 17, discussing *Southwest Regional Council of Carpenters (Standard Drywall, Inc.)*, Case No. 21–CD–658, 348 N.L.R.B. 1250 (2006).

In January 2009, Local 200, through OPCMIA, commenced arbitral proceedings under the Plan against UBC and SDI, seeking a reassignment of plastering work on the projects from the Regional Council represented employees to Local 200–represented employees. FAC ¶¶ 22, 25. SDI and UBC objected to the proceedings, and alleged and continue to allege they are not parties to any agreements that required them to submit the dispute to the Plan. FAC ¶¶ 24, 26.

On January 22, after hearing the dispute, arbitrator Greenberg ordered that SDI assign the plastering work on the projects to workers represented by OPCMIA. FAC ¶ 27; Attachment A.

Plaintiffs argue that the arbitration award is "null and void, unenforceable, illegal and violates public policy." FAC

¶ 30. First, Plaintiffs dispute the authority of the arbitrator, as they claim they were under no obligation to submit the dispute to the Plan. Second, Plaintiffs argue the arbitration award is conflict with the NLRB's 2006 decision, and thus unenforceable and preempted by the supremacy doctrine applicable to NLRB section 10(k) awards and the Supremacy Clause of the United States Constitution. FAC ¶¶ 29–30. Plaintiffs argue that preclude enforcement of the arbitration award, as it is preempted by federal law. FAC ¶¶ 29, 30. They also argue the arbitration award undermines the finality of the NLRB's determination. FAC ¶ 29. Third, Plaintiffs argue the arbitrator exceeded his powers by failing to provide the Regional Council-represented employees with adequate notice and an opportunity to be heard before determining their rights. FAC ¶ 30. Accordingly, Plaintiffs request the Court vacate the arbitration award.

### B. Defendants' Counterclaim

Defendants argue that the projects are generally subject to the LAUSD Project Stabilization Agreement ("PSA"), a master project labor agreement negotiated between LAUSD and the Los Angeles/Orange County Building and Construction Trades Council ("Building and Construction Trades Council") and signatory unions. Counter–Cl. ¶ 8. As signatories to the PSA, Defendants argue that Local 200 and the Regional Council are both subject to its terms, including Section 8.2, which requires all jurisdictional disputes between unions party to the PSA be resolved in accordance with the Plan. Counter–Cl. ¶¶ 14, 18–19. Defendants also contend that SDI is subject to the terms of the PSA, including Section 8.1, which requires contractors bound by the PSA to make work assignments in accordance with the Plan, as it submitted Letters of Assent in association with the projects at issue. Counter–Cl. ¶¶ 13, 16–17.

Defendants allege the Arbitrator's decision was based on a correct interpretation of the PSA, the Plan, and the Letters of Assent. Counter–Cl. ¶¶ 26–28. They note that neither UBC nor SDI have appealed the arbitration in accordance with the procedures specified in the Plan. Counter–Cl. ¶ 30.

Defendants seek confirmation of the arbitration award and enforcement of its terms, by ordering an accounting of all hours of work covered by the award, that all out-of-work Local 200 employees in the relevant time period "be made whole", and all attorney fees, costs, and expenses incurred in this suit be reimbursed. Counter–Cl. ¶ 12.

### C. The Pending NLRB Proceedings and the Earlier Preliminary Injunction

The 2006 NLRB decision explicitly refused to determine whether the parties before it were bound by the PSA. 348 NLRB at 1253. That decision is now under review as part of the NLRB's determination of unfair labor practice ("ULP") charges brought by SDI against OPCMIA and Local 200, alleging a violation of Section 8(b)(4)(ii)(D) of the NLRA, 29 U.S.C. § 158(b)(4)(ii)(D). NLRB Case Nos. 21–CD–659, 21–CD–660, 21–CD–661 and 21–CD–673 ("The 2008 NLRB cases"). Those ULP proceedings were the subject of a September 30, 2008, order of this Court in *Small v. Operative Plasterers & Cement Masons Int'l Ass'n, Local 200 AFL–CIO*, No. 08–CV–01039–SGL (Dkt. Nos. 27, 33). In that case, the Court granted a preliminary injunction under Section 10(*l* ) of the NLRA at the request of the Regional Director of the NLRB, enjoining Local 200 from pursuing certain California state lawsuits that had the potential to conflict with the 2006 NLRB decision. That injunction was subsequently modified by the Court on November 17, 2008. (*Small* Dkt. No. 54.) The initial injunction was affirmed

and the modifications reversed by the Ninth Circuit on March 17, 2009.

On February 27, 2009, Defendants' counsel informed Plaintiffs that they intended to seek a stay of the instant action to preserve the status quo pending the NLRB's resolution of the 2008 NLRB cases and any subsequent appellate review. More Decl. ¶ 3.

## ANALYSIS

■ The parties agree that the arbitration award will not be enforceable if the 2006 NLRB 10(k) award is upheld by the NLRB and/or any reviewing court of appeals. Opp'n at 7; Defs.' Mem. in Supp. of Mot. to Stay ("Defs. Mem.") at 20. *See also Sea–Land Service, Inc., (Pac. Div.) v. Int'l Longshoremen's & Warehousemen's Union, Locals 13, 63, & 94*, 939 F.2d 866, 872–73 (9th Cir.1991). They dispute, however, whether the NLRB's 2006 10(k) award alone has this effect, or whether the 10(k) award is only enforceable in a final order, to which Defendants have the opportunity to appeal.

Defendants argue that they are entitled to judicial review of the NLRB's 10(k) decision, and that enforcing the 2006 Order, and thus vacating the arbitration award, at this point would deprive them of that right. Plaintiffs oppose a stay largely because of Defendants' position that SDI would potentially continue to accrue damages for non-compliance with the arbitration award while the action was stayed, and Defendants' indication that they intend to continue to pursue other complaints under the Plan against SDI even if the action is stayed. Opp'n at 2; Bennett Decl. ¶ 3.

The relationship between a 10(k) award and a board ruling on the underlying unfair labor practice has been explained by the Ninth Circuit as follows:

> Unfair labor practice charges brought under § 8(b)(4)(D) of the Act are han-dled in a way quite different from all other charges that may be brought under the Act.... When a charge is brought under § 8(b)(4)(D), the Regional Director conducts an investigation and, if appropriate, issues a notice of hearing. The hearing is to be within 10 days of the initial filing of charges. If the parties fail to reach a voluntary resolution of the dispute, a non-adversary hearing is held. The purpose of this hearing is simply to assemble a full record of the relevant facts. The hearing officer makes no recommendation as to resolution of the dispute. The record thus assembled is transmitted to the Board, which either "determines the dispute" by issuing a § 10(k) award-an assignment of the disputed work to one of the contending unions-or ends the proceedings by determining that no jurisdictional dispute exists within the meaning of § 8(b)(4)(D).... In the event that the Board determines that a jurisdictional dispute does exist, and makes a work award under § 10(k), the pressure on the parties to settle the dispute intensifies. If they comply with the work award, the Board dismisses the charges. If the losing union refuses to comply (by continuing to strike or threaten to strike), the Board issues a complaint and the prosecution of the § 8(b)(4)(D) charge goes forward against that union. A final Board decision on that complaint is then appealable under § 10(f) of the Act.

*Foley–Wismer & Becker v. NLRB*, 682 F.2d 770, 772 (9th Cir.1982) (en banc). The Supreme Court has held that a 10(k) decision is not a final disposition, in that "The Board does not order anybody to do anything at the conclusion of a § 10(k) proceeding." *Int'l Tel. & Tel. Corp., Communications Equip. & Sys. Div. v. Local 134, Int'l Bhd. of Elec. Workers, AFL–CIO*, 419 U.S. 428, 443, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975).

█ There is little case law addressing the issue of whether a stay is appropriate in a case such as this one. It is clear that a court is to stay proceedings to compel, vacate, or enforce the results of arbitration while 10(k) proceedings are pending. In *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Murphy Construction Co.,* 191 F.3d 909, 910–911 (8th Cir.1999), the Eighth Circuit held that a motion to compel arbitration should be stayed while 10(k) proceedings are under way. The court noted, "Given that the district court will be unable to enforce the arbitration award to Local 36 in the face of a contrary NLRB decision, we conclude in this instance that '[a]ppropriate deference to the jurisdiction and expertise of the [NLRB] ... require[d] a stay of judicial proceedings.'" *Id.* at 911, *quoting Northern Calif. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski,* 673 F.2d 1074, 1075 (9th Cir.1982). In *Sea–Land Service, Inc. (Pacific Div.) v. Int'l Longshoremen's & Warehousemen's Union Locals 13, 63, & 94,* 939 F.2d 866, 868 (9th Cir.1991), the district court had stayed an action to vacate an arbitration award pending the results of a 10(k) proceeding. *See also Altounian Builders Inc. v. Int'l Union of Bricklayers & Allied Craft Workers, Local No. 20, AFL–CIO,* 228 F.Supp.2d 915, 917 (N.D.Ill.2002) (granting stay of proceedings to enforce arbitration award pending 10(k) proceedings, noting it "is correct that a stay is not required in these circumstances. However, in order to avoid needless backtracking or wasteful discovery, it is advisable.")

█ But once the 10(k) proceedings have been completed, even though the 10(k) award is not an appealable final disposition, several cases unanimously suggest it is that award, not any subsequent final 8(b)(4)(D) decision, that trumps a contrary arbitral decision. This issue was explicitly addressed by the Sixth Circuit in *Int'l Union, United Auto., Aerospace & Ag. Implement Workers (UAW) v. Rockwell Int'l Corp.,* 619 F.2d 580 (6th Cir. 1980). There, the court affirmed a district court determination "that the § 10(k) determination must be treated as final for the purpose of establishing its precedence over the arbitrator's award." *Id.* at 582. The court noted that:

> Any other conclusion would lead to the anomalous result of allowing the losing party in the 10(k) proceeding to prevent the employer from reaping the full benefit of that proceeding, since review of the 10(k) decision can be had only if the losing union commits an unfair labor practice an event entirely within the control of the losing union.

619 F.2d at 584.

This holding was explicitly adopted by the Seventh Circuit in *Advance Cast Stone Co. v. Bridge, Structural & Reinforcing Iron Local Union No. 1,* 376 F.3d 734, 740 n. 5 (7th Cir.2004) ("Although a § 10(k) decision is not a final determination that the union violated § 8(b)(4)(D), it certainly is controlling for purposes of deciding its effect on and relationship to an arbitrator's award...."). *See also Building Trades Employers' Ass'n v. Marchell,* No. 08 Civ. 4564, 2008 WL 2421634 at *2 (S.D.N.Y. June 13, 2008) ("the fact that [in the 10(k) proceeding itself] the NLRB will not issue a formal order granting the work to Local 1 or Local 3 is of little moment."); *Holt Cargo Systems, Inc. v. Local 1242, Int'l Longshoremen's Ass'n,* No. CIV.A. 84–5831, 1986 WL 6743, at *2 (E.D.Pa. June 13, 1986) (adopting *Rockwell* and holding that lack of final order following 10(k) award was not bar to entering summary judgment).

█ "The decision whether to stay court proceedings pending a decision by the NLRB is committed to the discretion of the district court." *Sheet Metal Workers*

*Int'l Ass'n, Local No. 162 v. Jason Mfg., Inc.,* 900 F.2d 1392, 1400 (9th Cir.1990). Since the authorities are unanimous that it is the 10(k) award itself, not subsequent appealable unfair labor practice decisions, that have preclusive effects on the enforcement of contrary arbitral awards, a stay here is inappropriate. Accordingly, the motion to stay is **DENIED.**

**IT IS SO ORDERED.**